No. 59.—WILLIAM TURK, plaintiff in error, *vs.* THEODORE TURK, administrator of WILLIAM TURK, Sr., deceased, and others, defendants in error.

[1.] A dies intestate, leaving a widow and four children, his only heirs and next of kin. B, one of the sons, upon coming of age, takes possession of the property, and manages the same for the benefit of all concerned, advancing to the distributees money and property for their maintenance, and settlement as they marry or come of age. The heirs being all of age, submit the division and settlement of the estate

Turk *vs.* Turk and others.

to arbitrators, who make an award which is acquiesced in and executed.  Subsequently, administration is taken out and a bill filed against B to recover the assets. *Held*, that the submission and award could not be set up as a defence to the original bill; and that the defendant could get relief only by a cross bill against the administrator and his co-heirs.

In Equity.   From Franklin Superior Court.   April Term, 1847. Judge DOUGHERTY presiding.

The defendant in error filed a bill against the plaintiff in error, for the recovery of the assets of William Turk, Sr., deceased, alleged to be in his hands.   Whereupon the plaintiff in error filed a cross bill against the defendant in error and the heirs at law of said deceased, setting up an arbitration award and final settlement between all the heirs of said deceased in reference to said estate.

The cross bill was demurred to in the Court below, and dismissed upon the ground that the several matters and things therein charged might be set up by way of defence to the original bill.

For the facts of the case, see the opinion delivered by the Supreme Court.

COBB, FREEMAN, MITCHELL & HULL, for the plaintiff in error.

HILLYER, PEEPLES, UNDERWOOD & OVERBY, for the defendants in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

William Turk, Sr., died intestate in the year 1794, leaving a small estate, and his widow, Margaret Turk, and four children, John, Mary, James, and William Turk, Jr., his next of kin and only heirs and distributees.   The widow remained in possession of the property until her son William became of age, when he took the control and management thereof, and sold a portion of the negroes.   As the children grew up and settled off, he made advances to them at sundry times.   On the 22d day of January, 1843, the heirs being all of age, they agreed to submit to certain persons, as arbitrators, the settlement of said estate; who met and made an award, which was acquiesced in and executed by all the parties in interest.   That William Turk, Jr., in pursuance thereof,

paid out money and delivered over property to the several distributees, which they received in full satisfaction of their claims upon the estate of the deceased, and suitable acquittances were executed, and all the papers burned which had previously passed between the parties. In 1844, the year of the said submission, Theodore Turk, a grandson of the intestate, applied for and obtained from the proper court, letters of administration upon the estate of his deceased ancestor, and forthwith filed his bill on the chancery side of the Superior Court of Franklin County for the recovery of the whole of the assets which had come to the hands of his uncle, taking no notice whatever of the reference which had taken place, and the settlement under it. The defendant, William Turk, filed a cross bill against Theodore Turk, the administrator, and the heirs of his father, setting forth the foregoing facts, and alleging that there were no outstanding debts against the estate of William Turk, Sr., deceased, and that the distributees were utterly insolvent, and would be wholly unable to respond to him for the property and money which they had got under the arbitration, *provided* he should be again compelled to account for it to the administrator. The cross bill prayed a perpetual injunction, therefore, against Theodore Turk; and also, that he might be prohibited from commencing suits against persons who had purchased property of the estate from the complainant. To the cross bill a demurrer was interposed, upon two grounds: 1st, because it contained no equity; and 2d, because the several matters and things therein charged might be set up by way of defence to the original bill. And for this latter reason, the demurrer was sustained and the cross bill dismissed. To this judgment the complainant excepts, and thus the cause comes up before us.

[1.] A cross bill is brought by the defendant in a suit against the plaintiff in the same suit, or against him and others. It is usually brought either to obtain a necessary discovery of facts in aid of the defence to the original bill, or to obtain full relief to all parties touching the matters of the original bill. This bill is of the latter character.

William Turk has settled with the heirs of his deceased father; no complaint is made against that settlement; there is no attempt to impeach it; there are no outstanding debts against the intestate, who died just a half century before this administration was granted. And yet it is sought, in this indirect mode, to disregard this settlement, and for the complainant in the original bill, being

one of the heirs, to recover the whole of the assets for the pur-
poses of distribution. Counsel concede that this would not be
right ; and the Court below virtually admits it, by holding that
the defence would be good by way of answer to the original bill.

We are of the opinion that the defendant is entitled to the spe-
cific relief which he prays, and that it is beyond what the scope of
the plaintiff's suit will afford him. We do not see how, by the
rules of pleading in equity, the defendant could avail himself of the
arbitration and award in bar of the plaintiff's right of recovery,
in any other way than by cross bill. The case already instituted
is insufficient to bring before the Court all the matters which have
transpired between the real parties in interest, and which are so
necessary to enable it to decide fully and satisfactorily upon the
rights of all.

Instead of filing this cross bill, suppose the defendant had relied
upon this estoppel by way of answer to the original bill; what
would have been the reply of the administrator to this defence ?
Would he not have sheltered himself effectually under the maxim,
*res inter alios acta, alteri nocere non debet ?* that a transaction
between two parties ought not to operate to the disadvantage of a
third ? Or, to state the case as it is, it is yielded that the award
made, is a good equitable bar to the suit of the administrator ;
shall the heirs, however, be concluded or even affected by it, with-
out being heard ? Would not this be manifestly unjust ? And
yet, there is no way by which they can be heard except the one
adopted, namely, of making them parties to this proceeding by
cross bill, and putting the award directly in issue. If the finding
is for them, then the administrator will be entitled to recover in the
original suit; if against them, and there are no debts, he ought to
be perpetually enjoined.

In *Spann and wife* vs. *Jennings,* 1 *Hill Ch. R.* 324, Spann, the
husband, being entitled to the property of his deceased wife, the
question was, whether he should be compelled to take out admin-
istration in her name, in order to perfect his title, and the court
say : " To what purpose should he have administered ? There
were no debts to pay, and no distribution to be made. Was it
simply that he might take possession in his own right ? That
would have been merely going through a nugatory ceremony. Or,
if any other person had administered, could the property have
been recovered from him ? *No; by going into equity, and showing*

*that there were no debts, and that his wife was exclusively entitled, a recovery at law would have been restrained."*

In the case before us, the heirs at law as such, could not sue for personal property; they could only acquire it through an administration. And it is this that creates the difficulty. Had the heirs themselves filed their bill, then it is clear, that this matter might have been relied on by way of defence. It is endeavoured, however, to forestall them by acts and evidence on their part which they are not admitted to gainsay.

But it is said that the administrator represents the heirs. In one sense, this may be true. He takes the goods of the intestate, to the intent that they should be preserved and disposed of, for the burial of the deceased, the payment of his debts, and for distribution to his wife and children, if he have any, and if not, his next of kin. He is constituted by the Ordinary, a trustee for these purposes; and beyond this, he is not the legal representative of the heirs. And when it is sought to bind him, by their transactions, or them, through him as administrator, they are entitled to their day in court, to employ counsel, to make defence, to examine witnesses, and to appeal from a judgment or decree which they might think erroneous.

This cross bill is neither more nor less than a defence to the original bill. All the rights of all the parties, are now fully and properly before the Court for its decision, and there may be, and will be, a complete determination of all the matters in litigation.

Let the judgment of the Court below be reversed.