# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1895.

## Smith v. The State.

*Indictment for Incest.*

1 *Incest. Mutual consent not an essential element of the crime.*—Every element of the crime of incest may exist as against one party to the sexual act though the other did not consent thereto, and though the act was only accomplished by the man by the use of such force and coercion as would render him also guilty of rape.

2. *Incest accomplished by violence; victim not an accomplice.*—When the crime of incest is committed by the use of force, or under the coercion of fear, the victim is not an accomplice, and hence her testimony, as matter of law, does not require corroboration.

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. Arrington.

The defendant was indicted for the crime of incest with his daughter. The evidence showed that the daughter was about sixteen years old, and that the sexual act was accomplished by brute force on the part of the defendant overpowering the resistance of his victim. The defendant asked in writing the several charges hereafter set out, each of which was refused by the court, and to such refusals the defendant separately excepted, to-wit:

1. "Incest cannot be committed without the mutual consent of the man and woman, and unless the evidence shows such consent the defendant must be discharged."

2. "The jury cannot convict the defendant in this case upon the uncorroborated evidence of Kizzie Smith

and unless that corroboration connects the defendant with the commission of the offense charged in the indictment."

3. "If the jury believe that the defendant forcibly knew Kizzie Smith and had carnal knowledge of her, and against her will, then they must find the defendant not guilty."

4. "If the jury believe the evidence they must find the defendant not guilty."

The court, at the request of the State, in writing, gave the following charge: "If the jury believe, beyond a reasonable doubt, from the evidence that the defendant used force, or, Kizzie Smith from fear allowed defendant to have intercourse with her, she is not an accomplice and does not require corroboration." To the giving of this charge the defendant duly excepted.

W. C. FITTS, Attorney-General, for the State, cited: *Alonzo v. State*, 15 Texas App. 378; *Raiford v. State*, 68 Ga. 672; *Mathis v. Commonwealth*, 13 S. W. Reporter 360; *Mercer v. State*, 17 Texas App. 452; *People v. Barnes*, 9 Pacific Reporter 532; *State v. Chambers*, 43 Am. St. Rep. 349.

(No brief for appellant came into the hands of the reporter.)

McCLELLAN, J.—Appellant was indicted and convicted of the statutory crime of incest committed by one act of sexual intercourse with his daughter. The evidence tended to show that the daughter did not consent to the act, but that the defendant accomplished his purpose by force or by putting her in fear. Several charges were requested for the defendant which raise the question whether this offense can be committed unless the parties mutually consent to the act. Of this point it is said in 10 Am. & Eng. Ency. of Law: "Upon the question whether a person indicted for incest can be convicted, when the proof shows facts constituting the crime of rape, the decisions are conflicting. It has been held that the crime can only be incest when the sexual act is committed with mutual consent; but the weight of authority seems to be to the effect that where incestuous fornication is shown to have been committed by defendant, in full knowledge of the relationship between him-

self and the other participant, the fact that he may have, or did use force in the accomplishment of his object is entirely immaterial, and he may be convicted of the crime of incest notwithstanding."—p. 341. This is an open question in Alabama. There is nothing in our statute defining the offense to prevent us from taking ground with what is said in the text quoted to be the weight of authority ; but to the contrary every element of the crime as denounced in our law may well exist as against one party to the sexual act though the other did not consent thereto and though the act was only accomplished by the man by such force or coercion brought to bear on the woman as would render the man guilty also of rape.—Code, §4013. And we see no reason why in such case the man should not be convicted of incest upon or by analogy to the general principle that a conviction may be had for any less offense included in a greater one. We therefore hold that the several charges requested by the defendant below were properly refused.

The charge given at the instance of the State to the effect that if the deed was accomplished by the use of force or that the woman allowed the defendant to have intercourse with her through fear, she is not an accomplice of the defendant, and that of consequence her testimony does not as matter of law require corroboration, is a sound exposition of the law.—Whart. Cr. Ev. § 440 ; *Freeman v. State*, 11 Tex. App. 92.

Affirmed.