### 4654.  AVERY *v.* THE STATE.

POTTLE, J.  Even though the woman with whom an act of adultery is
alleged to have taken place testifies that the accused had carnal knowl-
edge of her person forcibly and against her will, a verdict finding the
accused guilty of adultery and fornication, under an accusation charg-
ing that offense, will not be set aside, if the jury are authorized to infer
from all the circumstances surrounding the transaction that the woman
consented.

2. The presence in an adjoining room of a woman who was the aunt of
the female and the wife of the accused, failure to make outcry, repetition
of the sexual act at the same place and under the same circumstances,
failure to make complaint, and the birth of a child in due season, were
all circumstances tending to negative the claim of the female that the
offense was rape.

3. The court having distinctly instructed the jury that the accused could not be convicted if his offense was rape or if the female did not consent, it is not reversible error that the court, in one part of the charge, instructed them that the accused could be convicted if it was shown that he had sexual intercourse with the woman, adding, in the same connection, that he could not be convicted if the evidence showed he was guilty of a different crime from that charged in the accusation. Taken altogether, this was equivalent to an instruction that it must be shown that the accused was guilty of the offense alleged in the accusation.

4. Rape being carnal knowledge of a female forcibly and against her will, it was not error to charge: "There can be no rape if there was any kind of consent of the woman; the whole transaction from beginning to end must be forcible and against her will. I charge you that if the woman gave any kind of consent, it would not be rape. It matters not how that consent was obtained, or how reluctantly that consent might have been given, if there was the least part of consent on the part of the woman during the transaction, then a person charged with rape could not be convicted of rape." Nor did the trial judge, by the use of the words, "any kind of consent," or the words, "it matters not how the consent was obtained," unduly limit the consent necessary to make out the offense charged in the accusation.

5. Even if the evidence would not have authorized a finding that the accused was guilty of rape, it was not error, of which he can complain, that the jury were instructed to acquit if they believed that the offense was rape.

6. It was not error to charge the jury that, to make out the offense of adultery and fornication, there must be "consent or acquiescence" on the part of the woman. This was equivalent to stating that either express or implied consent would be sufficient. Consent may be implied from silence and failure to object.

*Judgment affirmed. Russell, J., dissents.*
DECIDED APRIL 2, 1913.

Indictment for adultery and fornication; from Fayette superior court—Judge R. T. Daniel. January 9, 1913.

*J. W. Culpepper,* for plaintiff in error.

*E. M. Owen, solicitor-general, J. W. Wise,* contra.