WASHINGTON MANUFACTURING COMPANY et al. v. CALLAWAY.

EVANS, P. J. 1. A principal may sue for the breach of a written contract entered into by his agent, where the instrument discloses on its face that the agent was contracting as such, but fails to disclose the name of the principal.

2. The court properly left to the jury to determine whether the memorandum of settlement between the parties was intended to cover all breaches of contract, or only the specfied items. ·

3. The instruction complained of in the last ground of the motion for new trial was erroneous, in that it allowed the plaintiff a double credit of $75. If the plaintiff will write off $75 from the verdict, within twenty days from the filing of the remittitur in the office of the clerk of the superior court, a new trial is refused; otherwise the verdict is set aside.

*Judgment affirmed, on condition. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Action upon contract. Before Judge Walker. Wilkes superior court. May 19, 1914.

*Colley & Colley* and *R. C. Norman,* for plaintiffs in error.
*Samuel H. Sibley* and *William Wynne,* contra.

---

LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. GILBERT.

PER CURIAM. 1. While the evidence in this case is meager, yet in view of the rule that the jury may draw reasonable inferences from facts proved, and inasmuch as the presiding judge in the exercise of his discretion refused to grant a new trial, this court will not reverse the judgment on the ground that the verdict was without evidence to support it.

2. The newly discovered evidence was not of such character as to render a refusal to grant a new trial based upon it erroneous.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
SEPTEMBER 15, 1915.

Action for damages. Before Judge Walker. Warren superior court. June 24, 1914.

*Joseph B. & Bryan Cumming* and *E. P. Davis,* for plaintiff in error. *Westmoreland, Hill & Smith, E. T. Shurley,* and *L. D. McGregor,* contra.