### 12759.   YOUNG *v.* MOORE.

STEPHENS, J. 1. Whether, in a suit against a judge, for slander by words spoken by him about the plaintiff while the judge was engaged in a judicial investigation, the judge was absolutely privileged in his utterance, irrespective of the relevancy of the remarks to the case on trial or the bona fides of the judge, or whether the judge was privileged in his utterance only upon the condition that his remarks were material and pertinent to the issue on trial or that he in good faith believed them to be material and pertinent, it appears that the remarks made to the plaintiff in the instant case by the defendant were made while the defendant was acting in his judicial capacity in the trial of a case over which he had jurisdiction; and since they were made by him to and concerning the plaintiff, who had offered to testify as a witness, even though the plaintiff was incompetent to testify, being the wife of the person on trial, and since the remarks pertained to the plaintiff's character, a proper subject-matter for consideration as respects a witness,— such remarks were necessarily material and pertinent to the issue on trial, and therefore privileged. See, in this connection: 25 Cyc. 384; 17 R. C. L. 334; 18 Am. & Eng. Enc. L. (2d ed.) 1027; 23 Cyc. 571; Floyd *v.* Baker, 12 Coke Rep. 23, s. c. 15 E. R. C. 37; Scott *v.* Stansfield, L. R. 3 Ex. 220. s. c. 15 E. R. C. 42; 15 E. R. C., note, p. 47 et seq.; Addison on Torts (2d ed.), 547; *Calhoun* v. *Little,* 106 *Ga.* 336 (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. Rep. 254).

2. It follows therefore that in a suit against a city recorder for slander by remarks derogatory to the plaintiff, where it was alleged that such remarks were uttered during the trial of a case against the plaintiff's husband, and that when the plaintiff offered to testify the judge re-

marked to the plaintiff that " A wife cannot testify either for or against her husband, but the place you are operating down there is such a dirty, low-down and disorderly place until I will take the lid off and let you say what you please," the petition set out no cause of action, and the trial judge erred in not sustaining the defendant's demurrer thereto.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1922.

Action for damages; city court of LaGrange — Judge Duke Davis. July 21, 1921.

*Lovejoy & Mayer,* for plaintiff in error. *L. .B. Wyatt,* contra.