13858.   TUCKER *v.* THE STATE.

BROYLES, C. J. 1. As the defendant did not make a statement to the jury, it was error for the court to give in charge section 1036 of the Penal Code of 1910; but as this section was not charged in such connection as to cause the jury to infer that the defendant's failure to make a statement was to be counted against him, the error was harmless. *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090).

2. Under the facts of the case the excerpt from the charge of the court, complained of, was not error.

3. It is well settled that the corpus delicti can be established by circumstantial evidence. *O'Neal* v. *State,* 24 *Ga. App.* 160 (7) (99 S. E. 891). In this case the evidence was sufficient to authorize the jury to find that the offense charged (larceny from the house) had been committed. The evidence, including the incriminatory admissions of the accused (made before the trial), was also sufficient to authorize a finding that shortly after the perpetration of the crime the accused was in possession of the fruits of the larceny (a diamond stud), and his explanation of that possession (made before the trial of the case) was so far-fetched and unreasonable as to authorize the jury to disbelieve it and to find him guilty of the offense charged. The evidence as a whole was sufficient to exclude every *reasonable* hypothesis save that of his guilt. It follows that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., dissents.*
DECIDED NOVEMBER 15, 1922.

Indictment for larceny from house; from Fulton superior court — Judge Humphries.   July 1, 1922.

*Arthur W. Powell,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J., dissenting.  I think that the evidence is ample to support a verdict of simple larceny, but do not think that it shows beyond a reasonable doubt that the ring was ever in the house from which it is alleged to have been stolen.