*W. O. Dean, solicitor-general,* contra.

---

### 15572.  LONG *v.* THE STATE.

BROYLES, C. J.  1.  The demurrer to the indictment was properly overruled.

2. The verdict was authorized by the evidence, and there is no substantial merit in the special grounds of the motion for a new trial.

        *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

    DECIDED JUNE 10, 1924.  REHEARING DENIED JULY 15, 1924.

Indictment for driving car while intoxicated; from Walton superior court—Judge Fortson.  March 29, 1924.

Application for certiorari was denied by the Supreme Court.

The indictment charged Long with having operated "one Ford automobile, said automobile propelled by gasoline and being a motor-vehicle, upon the highway leading from Good Hope to Social Circle, said highway being a public highway, in said [Walton] county, while the said Long was then and there under the influence of intoxicating liquor and beverages."  The demurrer was on the grounds:  (1) that no crime or violation of a valid law of this State is charged; (2) that no adequate description of the motor-vehicle is given; (3) that no adequate description of the highway is given; and (4) that the indictment does not follow the statute which makes it unlawful to operate a motor-vehicle upon any public street or highway "while under the influence of intoxicating liquors or drugs."

From the evidence it appeared that the defendant was seen driving a Ford automobile propelled by gasoline in the corporate limits of the town of Good Hope, "on the road from Good Hope to Social Circle," in Walton county, when he was drunk and smelling of whisky; and it was testified that the road is a "public highway." It was also testified that there was no record of this road in the records of public roads or in the minutes of the ordinary or of the commissioners of roads and revenues of Walton county; that the county "works this road" and had been working it as long as witnesses forty and fifty years old could remember, and that it

had never been known as a street. A witness for the defendant testified that for ten years he was mayor of the town of Good Hope,. and that during and since that time the road mentioned was one of the streets of the town and was worked by the town authorities as a street.

In the motion for a new trial it was alleged that the court erred in admitting the testimony of named witnesses that the road in question was "a public highway," over objection based on the ground that the law requires a record of public roads, and parol testimony is not admissible to show that a road is a public highway. It was alleged also that the court erred in admitting testimony that the defendant was driving the automobile upon a road in the corporate limits of the town of Good Hope, the testimony being admitted over the objection that it was irrelevant because the indictment charged that the automobile was operated upon the public highway leading from Good Hope to Social Circle.

Cited by counsel for plaintiff in error: 108 *Ga.* 417; 110 *Ga.* 825; 121 *Ga.* 403; 141 *Ga.* 550; 9 *Ga. App.* 433-4; 27 *Ga. App.* 38.

*H. H. Chandler, Orrin Roberts,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.