20789. LOVELL *v.* THE STATE.

DECIDED JANUARY 14, 1931.

*Willis Smith,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.

LUKE, J. The accusation charges that on December 2, 1929, Homer Lovell operated a Ford coupé automobile upon a public road in Carroll county, "leading between Carrollton and Temple, while under the influence of intoxicating liquors and drugs." The trial resulted in a conviction, and the exception here is to the judgment overruling defendant's motion for a new trial containing the general and two special grounds.

. J. H. Riggs swore: "I am bailiff, police of Temple. . . I saw Homer Lovell on the 2d day of December, 1929 . . on the Carrollton and Temple road. That is a public road worked by the county authorities. It leads from Carrollton to Temple. I know the Carrollton and Temple highway. He was on the road when I first saw him. He was in a Ford coupé, . . going towards Temple. With reference to his being intoxicated or not, well, the way he was going, it looked that way. He was going from one side of the road to the other. . . From general appearances, as I saw him, I say he was drunk. This all took place in Carroll county." It also appears that this witness followed the defendant and found him drunk at a filling-station which was about half a

mile away and off the said highway, twenty or thirty minutes later. This witness further testified: "I live in Temple . . I saw the defendant when he stopped his car there. My son got out of the car at that time. My son is at home; he is eight years old. Mr. Lovell carried my son from court here—from Carrollton here home." Upon being recalled, Mr. Riggs further swore: "I didn't see him on the road, highway, leading from Carrollton to Temple, at any point south of the city limits of Temple. This Carrollton and Temple Highway runs on into the town of Temple. I saw him operating the car along there. The county authorities work that road there into Temple where I saw him driving. . . They work the road up there every time they come up there—run scrapes up there. This boy was on the highway from Carrollton to Temple that day. . . He said he had come by this Carrollton road. He had brought my boy from Carrollton." Several other witnesses testified that the defendant was very drunk when he reached the filling-station referred to by the witness Riggs. The defendant offered no evidence, and made no statement at the trial.

1. We see no occasion to state more of the evidence. In our opinion, it supports the verdict, and the court properly overruled the general grounds of the motion for a new trial.

2. The first special ground contains a long colloquy between counsel and the court in regard to filing a demurrer to the indictment. It appears that counsel for movant wished to demur to the accusation orally and reduce his demurrer to writing later; the demurrer being that "the road on which it is alleged the defendant operated an automobile while under the influence of whisky . . is not described with sufficient definiteness and certainty, so as to put the defendant on notice as to what he is to meet, for the reason that there are numerous public highways leading from Carrollton to Temple." A careful examination of the exception under consideration leads us to the conclusion that a fair construction of the judge's ruling is that he acceded to the request for movant's counsel to be allowed to state the demurrer orally and reduce it to writing later, that the court never withdrew this privilege, and that counsel never exercised it. However, we do not place our ruling upon this theory. For, even if it be admitted that the court erred in refusing to allow counsel to demur to the accusation before issue was joined, the judgment should not be reversed for that reason

if it should appear from the record that the defendant was not injured thereby because the demurrer was not good and would have availed him nothing if it had been filed. In the case of *Long* v. *State, 32 Ga. App.* 451 (124 S. E. 410), the defendant was charged with operating an automobile while intoxicated, "upon the highway leading from Good Hope to Social Circle." One of the grounds of the demurrer to the indictment was that "no adequate description of the highway is given." This court held that the demurrer was properly overruled. We are of the opinion that the court properly overruled the first special ground of the amendment to the motion for a new trial in the case at bar.

3. The last special ground complains that the court erred in charging the jury that in determining the guilt or innocence of the defendant, they should "consider the defendant's statement" in connection with the evidence in the case; the contention being that, since the defendant made no statement, the charge "tended to prejudice his rights, and amounted to an expression and intimation of opinion that the defendant was guilty." Nowhere else in his instructions did the court mention the defendant's statement, and we are at a loss to understand how such an obvious slip on the part of the court could have amounted to an expression of opinion that the defendant was guilty. The test appears to be whether or not the charge was given "in such connection as to cause the jury to infer that the defendant's failure to make a statement was to be counted against him." *Tucker* v. *State, 29 Ga. App.* 221 (114 S. E. 583), citing *Carter* v. *State, 7 Ga. App.* 42 (65 S. E. 1090). We are satisfied that this last special ground discloses no reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*