22862. SMITH *v.* THE STATE.

DECIDED FEBRUARY 4, 1933.

*Julius Rink,* for plaintiff in error.

M. *Neil Andrews, J. Fred Kelly,* solicitors-general, *Horace D. Shattuck, J. Ralph Rosser,* contra.

MacINTYRE, J. The only question presented by the record in this case is whether or not the evidence supports the verdict finding Marlin Smith guilty of manufacturing intoxicating liquor. The testimony of deputy sheriff Emmett Greenwood is, in sub-

stance, that at about ten o'clock on the morning of April 2, 1932, he and two other persons found a sixty-five gallon still in full operation in Chattooga county, Georgia; that there were two gallons of whisky at said still; that the defendant, a Mr. Fowler, a Mr. Asher, and a Mr. Darty were all "setting in a huddle around the still, near the still;" that none of said parties was "doing anything—just setting there;" that Asher was caught, but that the defendant ran and was "caught afterwards;" that Darty pleaded guilty; and that witness did not know whether or not the defendant, Smith, "had anything to do with this still."

Bill Daugherty (Darty), sworn for the defendant, testified that he and the defendant and Asher and Fowler were at the still when it was raided; that witness and Fowler arrived at the still before Smith got there, and that Smith had been there about twenty minutes when the officers came; that Fowler had agreed to give witness one third of the whisky "to help him run it off;" that so far as witness knew, Smith and Asher had nothing whatever to do with the still, and that they did not take any part in operating it on the day in question; and that when the officers approached the still he (Smith), Asher, and Fowler all ran. This witness further swore: "There had been just one gallon of whisky made that morning when the officers came. The still was running."

The defendant's statement to the jury was as follows: "I started to Teloga that morning to get some little stuff to eat. . . And we were . . going the roadway to Teloga . . , and we looked that way and there was smoke, and so we went by there. It as about as near for us any way. And when we got down there Mr. Fowler and Mr. Daugherty were at the place, and we had not been there over about fifteen or twenty minutes till the law came in, and we all ran off. I did not have a thing in the world to do with it. And that is how I came to be there, just what I have said."

Dan Brooks testified: that he went with the officers when they raided the still; that he saw "four fellows there," but was not acquainted with them; that they all ran, but witness caught Asher; that the three others got away; and that they "were all dirty and sooty."

In *Yonce* v. *State*, 154 *Ga.* 419 (114 S. E. 325), the Supreme Court answered a question certified by this court in this language:

"Where, upon the trial of one charged with manufacturing whisky, the evidence of the State showed that as the officers approached a distillery, which was then in actual operation 'and running off whisky,' the defendant and two men (the only persons at the distillery) fled and escaped; and where the defendant in his statement to the jury made no explanation of his flight, but asserted that he was never at the distillery, and that on the occasion when it was raided he was at a certain designated place far from the distillery, and introduced testimony which tended to sustain his alibi; and where the jury returned a verdict of guilty, and their finding was approved by the trial court, the Court of Appeals, to which the case was carried by motion for new trial, which contained only the usual general grounds, has not 'authority to interfere,' it appearing that there was some evidence to support the verdict. *Alfred* v. *State,* 6 *Ga.* 483 (2) ; *Sewell* v. *State,* 76 *Ga.* 836; *Kidd* v. *State,* 101 *Ga.* 528 (3), 529 (28 S. E. 900) ; *L. & R. Co.* v. *Gilbert,* 144 *Ga.* 89 (86 S. E. 217) ; *Ala. Great So. R. Co.* v. *Brock,* 141 *Ga.* 840 (2) (82 .S. E. 225)." "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury. *Flint* v. *State,* 29 *Ga. App.* 222 (114 S. E. 584) ; *Yonce* v. *State,* 29 *Ga. App.* 73 (114 S. E. 584) ; s. c. 154 *Ga.* 419 (114 S. E. 325)." *Lindsay* v. *State,* 32 *Ga. App.* 74 (3). See also *Jones* v. *State,* 36 *Ga. App.* 264 (136 S. E. 542), which is based upon the *Yonce* case, supra, and the facts of which are very similar to the facts of the instant case.

We hold that the evidence in the case at bar supports the verdict, and that the trial judge did not err in overruling the motion for a new trial based solely upon the usual general grounds.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*