26857. WELCH *v.* THE STATE.

DECIDED OCTOBER 1, 1938.

*James R. Venable, B. J. Dantone,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. 1. Special grounds 1, 2, and 3 of the motion for new trial are merely elaborations of the general grounds.

2. The excerpt from the charge to the jury (complained of in ground 4), when considered in the light of the entire charge, does not require a reversal of the judgment.

3. The accused was convicted of the crime of incest (having sexual intercourse with his own married daughter). The daughter's testimony that such intercourse had frequently taken place was sufficiently corroborated by other evidence in the case. The contention of counsel for the defendant that the evidence for the State, if it showed any crime, made out a case of rape, and not one of incest, is without merit. While the daughter testified that the defendant forced her, against her will, to have intercourse with him, other portions of her testimony and other evidence in the case authorized the jury to find that she had reluctantly consented to the intercourse, and that the offense was incestuous intercourse, and not rape. As held by this court in *Avery* v. *State,* 12 *Ga. App.* 562 (77 S. E. 892): "Even though the woman with whom an act of adultery is alleged to have taken place testifies that the accused had carnal knowledge of her person forcibly and against her will, a verdict finding the accused guilty of adultery and fornication, under an accusation charging that offense, will not be set aside, if the jury are authorized to infer from all the circumstances surrounding the transaction that the woman consented." In *Davis* v. *State,* 152 *Ga.* 320 (110 S. E. 18), where the defendant was convicted of raping his fourteen-year-old stepdaughter, the Supreme Court reversed the judgment and said: "The injured female, being the stepdaughter of the accused, was nearly fifteen years of age and over the age of consent, as hereinbefore stated. She appears from her testimony to have been of average intelligence and fully competent to comprehend the nature of the act. Her testimony is set out at length in the statement of facts, and it is unnecessary to repeat it here. It is sufficient to say that she did not, at the time, utter a word of protest or attempt any act of resistance, nor did the accused make any threat or do any act to excite her fears or in any manner prevent her from crying out or making physical resistance, or do anything to prevent her from reporting the matter after the occurrence. . . Her testimony that her fear of the accused caused her to remain passive or irresistant, and to fail to report the occurrence earlier than she did, must be weighed in the light of the conduct of her-

self and the accused and other attendant circumstances, as testified by her before the jury and stated by her to others after the offense was alleged to have been committed." In *Mathews* v. *State,* 101 *Ga.* 547 (29 S. E. 424), where the accused was convicted of fornication and adultery with a sixteen-year-old girl, the defendant contended that if under the evidence any crime had been committed, it was rape, and not fornication and adultery. In answering that contention, the Supreme Court said: "Rape is the carnal knowledge of a female forcibly and against her will; and if she consent to the sexual intercourse, although that consent may be reluctantly given and although there may be some force used to obtain her consent, the offense can not be rape. Although she may have resisted at the time the accused first took hold of her and at the time she was thrown upon the lounge, yet if she consented after this resistance and before the accomplishment of the sexual act, the offense was not rape. In order that the offense might constitute rape, she must have resisted with all her power and kept up that resistance as long as she had strength. Opposition to the sexual act by mere words is not sufficient. Any consent of the woman, however reluctant, is fatal to a conviction for rape. The passive policy will not do." In *Taylor* v. *State,* 110 *Ga.* 150 (35 S. E. 161), the defendant was convicted of incestuous adultery with his eighteen-year-old stepdaughter. In passing on the case Simmons, C. J., said: "In portions of her testimony Miss McGuire stated that she had never consented to the illicit intercourse with Taylor, that in each instance it occurred against her will, and that she was forced to submit to his lustful embraces. Upon this testimony the court was requested in writing to charge the jury that if Taylor had carnal knowledge of Miss McGuire forcibly and against her will, the offense was rape and not incestuous adultery. This request was properly refused; for, taking the testimony of Miss McGuire as a whole, it is obvious that, if her testimony as to the sexual intercourse with the accused is true, she in fact consented to it, so doing however with that reluctance and disinclination which would naturally be felt by any young girl in sustaining such relations with her mother's husband." In the instant case, the verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*