31425. CHESTER *v.* THE STATE.

DECIDED JANUARY 7, 1947.

668

*James R. Venable, Frank A. Bowers, Jackson L. Barwick,* for plaintiff in error.

*Roy Leathers, Solicitor-General,* contra.

MacIntyre, J. ■ In his amended motion for new trial, the defendant assigns as error the failure of the trial court to charge the jury in substance the principle of law that, in order for evidence or circumstances to be deemed as corroboration of a confession by the defendant, the same must connect the accused definitely with the perpetration of the offense which it is claimed he confessed to perpetrating. This is the rule in reference to the corroboration of testimony of an accomplice, but it is not the rule in reference to the corroboration of a confession. *Cochran* v. *State,* 113 *Ga.* 726 (7), 736 (39 S. E. 332). The trial court did not err in failing to instruct the jury on the above principle of law.

■ The defendant contends that the trial judge erred in overruling his motion for new trial on the general grounds. There is no merit in his contention. "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether

an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury." *Flint* v. *State,* 29 *Ga. App.* 222 (114 S. E. 585) ; *Smith* v. *State,* 46 *Ga. App.* 351 (167 S. E. 714).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*