## 33001. HOUSTON *v.* THE STATE.

DECIDED MAY 3, 1950.

*Fort & Fort,* for plaintiff in error.

*E. L. Forrester, Solicitor-General,* contra.

GARDNER, J. ■ Since the general grounds, and special grounds 1, 2, and 4 go to the sufficiency of the evidence, we will treat them together. We have set out the evidence somewhat in detail, since counsel so earnestly contend that it is insufficient to warrant a verdict of guilty, that the evidence was circumstantial only, and that the flight of the defendant was consciousness of his attempted purchase of whisky. Counsel cite no authorities for the contentions, except as to special ground 3, which we will discuss in a separate division.

In *Smith* v. *State,* 46 *Ga. App.* 351, 353 (167 S. E. 714), this court said: "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury." There are many citations of authority to this same effect cited in the *Smith* case. See also *Loughridge* v. *State,* 63 *Ga. App.* 263 (1, 2) (10 S. E. 2d, 764); *Chester* v. *State,* 74 *Ga. App.* 667 (41 S. E. 2d, 162); *Johnson* v. *State,* 79 *Ga. App.* 210 (53 S. E. 2d, 498). The evidence is amply sufficient to sustain the verdict and judgment.

There is no merit in the contentions as to the general grounds and special grounds 1, 2, and 4.

■ Special ground 3 complains because the court erred in charging the jury as follows: "The law is, that if one aids, counsels or abets or in any wise participates in the making of such whisky, he is guilty of making whisky as defined by the law. I charge you in that connection that the presence of a person at a distillery where intoxicating liquor is being made and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor." Error is assigned on this excerpt from the charge in that, although it is admitted that the charge is a correct abstract principle of law, the charge was not adjusted to the facts of the instant case because it is contended that the defendant was at the still site for the purpose of purchasing

whisky, and that the charge of the court as to flight was unfair to the defendant and placed upon his flight far greater importance than the evidence justified.

Counsel for the defendant contend that the court should have elaborated on the subject of flight. There was no written request for a more elaborate instruction. Therefore, the case of *Weldon v. State*, 21 *Ga. App.* 330 (94 S. E. 326), is controlling as to this feature. See also *Rogers v. State*, 80 *Ga. App.* 585 (56 S. E. 2d, 633). We are of the opinion that the charge of the court as to flight was justified, in view of the evidence as set out hereinabove.

There is no reversible error in this special ground.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*