### 33013. WILLIAMS *v.* THE STATE.

Decided June 7, 1950.

*William J. Neville, W. G. Neville,* for plaintiff in error.

GARDNER, J. ■ It is our opinion that the fact that the defendant and a companion approached the place where the whisky was concealed, at night, in a stealthy manner, and, according to the testimony of a police officer, manifestly for the purpose of recovering the whisky in the meantime searching for the presence of officers, and upon discovering the officers, fleeing from the spot where the whisky was concealed, such facts, and the flight not being satisfactorily explained, would authorize a jury to find the defendant guilty of possessing such non-tax-paid whisky. Whether such flight and conduct is reasonable and satisfactorily explained is a question for the jury. *Smith* v. *State,* 46 *Ga. App.* 351 (167 S. E. 714); *Loughridge* v. *State,* 63 *Ga. App.* 263 (10 S. E. 2d, 764); *Chester* v. *State,* 74 *Ga. App.* 667 (41 S. E. 2d, 162); *Johnson* v. *State,* 79 *Ga. App.* 210 (53 S. E. 2d, 498). The circumstances surrounding the conduct of the defendant, together with the flight and his return and surrender to officers some two or three weeks later are sufficient to authorize a conviction of possessing non-tax-paid whisky.

■ In special ground 1, error is assigned because the court admitted, over objections, an accusation wherein the accused

750

had been convicted approximately eight months previously for violating the liquor laws of this State, an identical offense. The documentary evidence was objected to on the ground that the State did not make out a prima facie case against the accused; that there was no foundation for its introduction, and that there could be none until there was enough material evidence offered against the accused to show a prima facie case. We cannot agree with counsel for the defendant for the reasons as set forth in division 1, of this opinion. Counsel for the defendant cite us to no authority to sustain this position. We are unable to find authority to sustain this contention, under the facts of this case. This special ground is without merit.

■ Special ground 2, assigns error because the court erred in charging the jury relative to a defendant's statement, on the ground that since the defendant made no statement the court should have charged the jury that the defendant had a right not to make a statement in the trial of his case; that he did not make one was not to be considered by the jury as prejudicial to the defendant; that the failure to make a statement should not have any influence on the jury in its deliberations in reaching a verdict; that the failure to charge on this point was prejudicial and harmful to the defendant the charge being contrary to law and denied to the defendant his right to a fair trial. Counsel for the defendant cite us to no authority whatsover to sustain this position. We find the following cases to support our view on this point: Carter v. State, 7 Ga. App. 42 (65 S. E. 1090), Tucker v. State, 29 Ga. App. 221 (114 S. E. 583), and Rentz v. Collins, 51 Ga. App. 783. In Carter v. State, this court said, "Unless the reference to the defendant's right to make a statement occurs in such connection as to lead the jury to infer that his failure to make one is to be counted against him, the error stands upon a like footing to that which arises ordinarily when a court gives in the charge some principle of law, abstractly correct but not pertinent to the facts in the case. Whether such an error is reversible or not depends almost entirely upon the facts and circumstances of each particular case." There are many others. This ground is without merit.

■ Special ground 3, assigns error because the court erred in its failure to charge the jury as to the form of the verdict which

should be returned, contending that such failure was contrary to law and injurious and hurtful to the rights of the defendant to a fair and impartial trial. Again counsel cite us to no authority whatsoever to sustain the contentions in this ground of the amended motion for a new trial. This ground is without merit, under the authority of *Howell* v. *State*, 124 *Ga.* 698 (9) (52 S. E. 649), and other cases.

The court did not err under the facts of this case, in overruling the amended motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*