TEAGUE *v.* THE STATE.

460

No. 17594.   SUBMITTED SEPTEMBER 11, 1951—DECIDED OCTOBER 9, 1951—
REHEARING DENIED NOVEMBER 16, 1951.

*Wood & Tallant, Phil M. Landrum, H. G. Vandiviere,* and
*H. L. Buffington Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, James T. Manning, Solicitor-
General, J. R. Parham, Assistant Attorney-General,* and *William
A. Ingram,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing
facts.) ■ Ground one of the amended motion alleges error in
the refusal of the court to charge a written request, as follows:
"Rape is not complete if the element of force is lacking, although
the sexual act may have been done against the will of the
female. It must not only be against her will, but force must be
used to overcome her resistance and her will. If she consents to
the sexual act at any time, the crime of rape cannot be found
against the defendants. There can be no rape if there be any
kind of consent. It matters not how this consent was obtained,
or how reluctantly that consent might be given, if there was the

least part of consent on the part of the woman during the transaction, then a person charged with rape could not be convicted of rape. She may express her consent by her conduct at the time of the intercourse, and even though she may verbally proclaim unwillingness, consent may be implied from her action. A mixed resistance or a merely equivocal submission will not do. There may be a slight physical resistance even though there is a mental willingness to submit. Resistance must not be mere pretext but must be up to a point where it is overpowered by actual force."

A portion of this request was taken from *Lancaster* v. *State*, 168 *Ga.* 470 (9) (148 S. E. 139), and another portion from *Avery* v. *State*, 12 *Ga. App.* 562 (4) (77 S. E. 892). The court charged: "Rape is the carnal knowledge of a female forcibly and against her will. . . The State must likewise prove that the carnal knowledge, if any, or sexual intercourse, if any, was accomplished by force and against the will and without the consent of the female." The latter part of this requested charge, to wit—"She may express her consent by her conduct at the time of the intercourse, and even though she may verbally proclaim unwillingness, consent may be implied from her action. A mixed resistance or a merely equivocal submission will not do. There may be a slight physical resistance even though there is a mental willingness to submit. Resistance must not be mere pretext but must be up to a point where it is overpowered by actual force"—is designed to cover the law of rape where there is apparent resistance but in fact consent. There is no evidence that would have required the court so to charge. The accused sought to establish that his intercourse with the female was, from its inception, by consent; and the female testified that it was by force, and against her will and consent for the duration of the act. A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Lewis* v. *State*, 196 *Ga.* 755 (3) (27 S. E. 2d, 659); *Rogers* v. *Manning*, 200 *Ga.* 844 (2) (38 S. E. 2d, 724).

■ Exception is taken to the refusal of the court to charge the following written request: "Delay of the female alleged to have been raped in making complaint of an alleged criminal

assault will ordinarily afford ground for discrediting the female as a witness. But such delay may, in a given case, be satisfactorily explained to the jury. It is the jury's sole and exclusive function to determine whether or not the female is to be believed. On this question it is for you to determine whether a complaint, if any, was made, and if so, was the delay satisfactorily explained."

There is no evidence which would have required a charge on delay in making a complaint. The evidence showed that when she was released in front of her home, the boy and girl with whom she had previously been that night, were parked across the street. When she got out of the car she was crying. The girl came to where she was, then they both, after talking to the boy a few minutes, went into her home where she reported the occurrence to her parents. There is no evidence of a delay in making complaint. A complaint, in corroboration of her testimony that she was raped, should be made "recently after the perpetration of the offense . . to those to whom complaint of such an occurrence would naturally be made." *Thomas* v. *State*, 144 *Ga.* 298, 301 (4) (87 S. E. 8).

■ The following excerpt from the charge was not error: "I charge you, gentlemen, that the State must likewise prove that the carnal knowledge, if any, or sexual intercourse, if any, was accomplished by force and against the will and without the consent of the female alleged to have been raped."

■ The following excerpt from the charge was not error: "On the question of corroboration, you may look to all of the facts and circumstances of the case and see if the prosecutrix made an outcry at the time the crime was committed, if one was committed; or whether or not she made a report soon thereafter; and whether or not her clothes were torn; or her body or person bruised or bleeding; or her private parts injured or bloody; or if there was a struggle; and then determine whether or not her testimony has been corroborated sufficiently to convince your minds beyond a reasonable doubt as to the guilt of the accused."

■ Each of these grounds of the amended motion alleges error on account of the court making reference to the "defendant's statement" in charging upon reasonable doubt, reconciling the conflict in evidence, and on the subject of the necessity of

corroboration of the female. The accused made no unsworn statement, but in the joint trial each was sworn and testified in behalf of the other. In each of the instances, the effect of the charge on the subjects being covered was that consideration might be given to the defendant's statement. While the charge inaptly referred to the defendant's statement, from a careful examination of each we are unable to find where, by this reference, the jury could have been misled or confused, or the accused injured. *Cooley* v. *State*, 152 *Ga.* 469 (3) (110 S. E. 449); *Lovell* v. *State*, 42 *Ga. App.* 440 (3) (156 S. E. 704); *Williams* v. *State*, 81 *Ga. App.* 748 (2) (59 S. E. 2d, 743). "Where a plaintiff in error brings a case to this court, the burden is upon him to show error which is injurious to his cause." *Reece* v. *State*, 208 *Ga.* 165, 167 (66 S. E. 2d, 133). The facts here differ from those in *Staten* v. *State*, 140 *Ga.* 110 (2) (78 S. E. 766),

■ Where the female testified that two of the boys removed panties, which preceded the intercourse of each of the four, and that she put them back on before she was returned to her home, it was not error to permit their introduction in evidence, since the State was entitled to show the blood stains thereon as illustrating her physical condition.

■ The ninth ground was abandoned. Under the tenth ground error is assigned as to the admission of testimony. Brady Little, the young man who drove the two girls to the eating place where the victim was taken away by the four boys, testified: "When Miss Stancil came back to my car . . Well, she was excited. I don't know how to tell you that she was excited, but she was talking fast, faster than usual; and after she came back there, I left immediately to follow that car." This was not subject to the objection that it was hearsay, or for any other reason assigned.

■ Exception is taken under ground eleven to the ruling denying the defense to cross-examine the victim as to specific acts of unchastity on her part with other men, and under grounds twelve and thirteen to the refusal of the court to permit evidence of specific acts of adultery; the exception asserting that the defense, admitting the intercourse, and claiming it was done with consent of the female, made such evidence admissible.

The offense of rape is not confined to a virtuous victim. It matters not how loose sexually a female may be, rape can be committed upon her. To refute her testimony that the act was forcible, without her consent, and against her will, in practically all jurisdictions it is permissible to show her general character for lewdness, as evidence seeking to disprove her statement that the act was forcible and against her consent. In *Camp* v. *State,* 3 *Ga.* 417 (3), an assault-with-intent-to-rape case, it was held: "Evidence that the person charged to have been injured is in fact a common prostitute, or . . that she is a woman of ill fame, may be submitted to the jury, to impeach her credibility, and disprove her statement that the attempt was forcible and against her consent." In the opinion it was said: "It seems that testimony of specific acts of lewdness is not admissible." In *Seals* v. *State,* 114 *Ga.* 518 (40 S. E. 731), a rape case, it is said: "The whole law of this subject was pithily stated by Judge Nisbet in a single sentence in the case of *Camp* v. *State,* 3 *Ga.* 422. He said: 'The fact of assent may, in reason, be well left to the jury, upon proof of ill or evil fame.'" The decision then quotes 2 Bish. Cr. Pr. (3d ed.), § 965: "One on trial for this crime [rape] may bring forward, in his defense, the bad reputation for chastity—not particular acts—of the complaining witness." *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370), was a rape case. While the decision does not state what defense was interposed, the original record shows that the defendant claimed the woman had consented. It quotes 3 Gr. Ev. (16th ed.), § 214, as follows: "The character of the prosecutrix for chastity may also be impeached; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible." All of the foregoing cases were cited with approval in *Wheeler* v. *State,* 148 *Ga.* 508 (1) (97 S. E. 408). Though the decision relates none of the evidence, the original record shows that the accused admitted the intercourse and said the female consented. This rule was again stated in *Smiley* v. *State,* 156 *Ga.* 60 (3) (118 S. E. 713); *Latimer* v. *State,* 188 *Ga.* 775 (1) (4 S. E. 2d, 631);

*Andrews* v. *State,* 196 *Ga.* 84 (5) (26 S. E. 2d, 263).

It is clear that this court has adopted the foregoing rule, and follows the weight of authority from other jurisdictions, which permits only the showing of general character for lewdness, and does not allow evidence of specific acts of lewdness with other men or a cross-examination of the female as to such acts. There are some jurisdictions which hold to the contrary, and permit evidence of specific acts with others in all cases of rape, and without regard to the defense interposed, but the weight of authority is otherwise. See 52 C. J. 1080, § 109; 44 Am. Jur. 960, § 92; 14 L. R. A. (N. S.) 714, 720; L. R. A. 1916 B. 965, 966; 140 A. L. R. 380, 382.

Rape must be forcible and against the will of the female. If there is consent, there is no rape. Evidence of general reputation for lewdness is admitted for the purpose of illustrating the probability of consent, and to negative the non-consent and force. Though an accused might deny intercourse, defend on the ground of mistaken identity, or plead an alibi, still he would be entitled to show general reputation for lewdness, as the jury might disbelieve his defense, yet they must still find that the act was without consent. Non-consent is an element of the crime of rape irrespective of the defense interposed, and the fact that the accused defends on the ground of consent should not change the rules of evidence so as to open the investigation to proof of specific acts. As was said in *Black* v. *State,* 119 *Ga.* 748 (supra), "If proof of specific acts of lewdness were admitted, it would 'not only involve a multitude of collateral issues, but an inquiry into matters as to which the prosecutrix might be wholly unprepared, and so work great injustice.'" To permit evidence of specific acts, would also open the gates of circumstantial evidence as to every act and statement of the female in her past life. Any indiscreet conduct or misconstrued statement could be implied as an admission of, or as being agreeable to, sexual relations. At times even her silence could be given a sexual significance.

■ Grounds fourteen and fifteen of the amended motion are based on the general grounds. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Duck-*

*worth, C. J., and Almand, J., who dissent upon the ground pointed out in the dissent in Andrews v. State, 196 Ga. 84 (5), and Head, J., who dissents.*