PITTMAN, Justice,
for the Court:
Vester. Keeton, appellant, was indicted by the grand jury of Choctaw County for sexual battery and fornication as forbidden by law. He was convicted by a jury in the Circuit Court of Choctaw County, Honorable James C. Sumner presiding, of violating § 97-29-5 Miss.Code Ann. (1972), as amended. Section 97-29-5 pertains to fornication that is prohibited by reason of blood relationship. The victim was Kee-ton’s fifteen-year-old daughter M.K. Kee-ton was sentenced to ten (10) years in the *961 custody of the Mississippi Department of Corrections. Keeton appeals his sentence and presents the following issue for review by this Court:
The court erred in overruling Vester Keeton’s Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury because his daughter did not consent and consent is a material element of incest according to § 97-29-5.
This case involves the sordid tale of a father’s sexual abuse of his daughter. Vester Keeton, the father, was a resident of Choctaw County, Mississippi. His daughter M.K. was fifteen years (15) old. M.K. lived in Arkansas with her mother who had divorced Vester many years earlier. On May 30, 1987, Vester picked up his daughter from her grandparents’ home in Marion, Arkansas and brought her to Choctaw County. M.K., who had not lived with her father since she was three (3) years old, because of their parent’s divorce, wanted to see what he was like. A few weeks after she had arrived Vester started fondling M.K. and giving her sexually suggestive poems and letters. Soon the fondling developed into attempts at intercourse. Eventually Vester drugged M.K. and had intercourse with her.
In his only issue raised on appeal Vester claims that the trial court erred in not granting his Motion for a Judgment of Acquittal. He claims that he was entitled to have the motion granted because the State failed to prove that M.K. consented to the incestuous sexual activity. It is his contention that consent is a material element to the offense of forbidden fornication as stated in § 97-29-5 Miss.Code Ann. (1972), as amended. The issue for review by this Court is whether consent is a material issue for the offense of (incest) forbidden fornication.
Vester Keeton was convicted of violating § 97-29-5, Adultery and fornication — between certain persons forbidden to intermarry. Section 97-29-5 states:
Persons being within the degrees within which marriages are prohibited by law to be incestuous and void, or persons who are prohibited from marrying by reason of blood and between whom marriage is declared to be unlawful and void, who shall cohabit, or live together as husband and wife, or be guilty of a single act of adultery or fornication, upon conviction shall be punished by imprisonment in the penitentiary for a term not exceeding ten (10) years.
What Vester Keeton claims is that according to the language of § 97-29-5 the crime of incest is a consensual crime. He points to the use of the word “persons” in the statute. Keeton claims that this language means the statute requires both parties be equally liable to be punished for running afoul of the law.
If this Court has not before adopted, we here adopt the majority position that consent is not a necessary element of incest. The majority of states including several of Mississippi’s neighbor states follow the majority view. Smith v. State, 108 Ala. 1, 19 So. 306 (1895), Welch v. State, 58 Ga.App. 447, 198 S.E. 810 (1938), State v. Freddy, 117 La. 121, 41 So. 436 (1906), State v. Swindall, 129 La. 760, 56 So. 702 (1911), McCaskill v. State, 55 Fla. 117, 45 So. 843 (1908). In Smith the Alabama Supreme Court stated, “where incestuous fornication is shown to have been committed by defendant in full knowledge of the relationship between himself and the other participant, the fact that he may have or did not use force is immaterial, he may be convicted of the crime of incest.” 108 Ala. at 2, 19 So. at 306. The consent of a minor female where the defendant is charged with (incest) forbidden fornication will not change the character of the act of the defendant. The defendant will be held to answer for his own conduct which is obviously willingly done on his part, and it is his acts which complete the crime of incest. The defendant’s guilt is measured by his knowledge and his intent and not by the knowledge or intent of his daughter on whom he committed the offense. See State v. Winslow 30 Utah 403, 407, 85 P. 433, 435 (1906).
Finding that no reversible error was committed below, this Court affirms the judgment of the Choctaw County Circuit Court.
*962 CONVICTION OF FORNICATION AS FORBIDDEN AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
HAWKINS, P.J., not participating.