## SEALS *v.* THE STATE.

In a trial for rape, competent evidence tending to show that before the commission of the alleged offense the woman had been of unchaste character is relevant, not only as affecting her credibility as a witness, but as independently bearing upon the question whether or not she consented to the sexual intercourse.

Argued January 20, — Decided February 3, 1902.

Indictment for rape. Before Judge Candler. Fulton superior court. November 30, 1901.

*R. P. Jones* and *F. R. Walker,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.

LUMPKIN, P. J. The plaintiff in error was convicted of rape, and brings here for review a judgment denying him a new trial. Cora Jones, the alleged victim of the crime, was sworn as a witness. Her testimony made out a strong case of rape, except that it was unsatisfactory as to whether or not there was actual penetration. There was testimony tending to show that she had previously been a virtuous woman, and evidence to the contrary attacking her character for chastity. In this connection the court charged: "Her character for virtue is immaterial, except as it may affect her character for veracity. That is, may affect the credit you may give to her testimony." This charge was excepted to as erroneous in that it too greatly restricted the jury as to the purposes for which they could consider the evidence tending to show that before the alleged crime the witness was a lewd woman. In our opinion, this criticism upon the charge is well founded; and inasmuch as the instruction given to the jury had a vital bearing upon the main issue

in controversy, we are constrained to order a new trial. It is now
well settled that in prosecutions for rape the defense may introduce
evidence tending to prove the previous unchaste character of the
woman; and this evidence is admissible for two purposes: one to
discredit her as a witness, and the other to disprove the charge that
the intercourse was forcible and against her consent. For this lat-
ter purpose, evidence of the nature indicated would clearly be ad-
missible even where the alleged victim of the rape was not sworn
as a witness in the case. The whole law of this subject was pith-
ily stated by Judge Nisbet in a single sentence in the case of *Camp*
v. *State*, 3 *Ga*. 422. He said: "The fact of assent may, in reason,
be well left to the jury, upon proof of ill or evil fame." In 19 Am.
& Eng. Enc. L. 961, the rule is thus stated: "The general reputa-
tion of the female for chastity may be shown by the defense, not
in justification, but on the issue as to the probability of her con-
sent." In 2 Bish. Cr. Pr. (3d ed.) § 965, the author says: "Though
in ordinary cases it is not allowable to prove that an adverse female
witness is unchaste,—and the ravishment of a prostitute is, in
law, rape, the same as of any other woman,—still one on trial for
this crime may bring forward, in his defense, the bad reputation
for chastity—not particular acts—of the complaining witness; or,
by the better opinion, the fact of her being a common prostitute.
This evidence is sometimes regarded as properly impairing her cred-
ibility,—a doubtful proposition, and in some of the cases denied.
But it helps the probabilities that the connection was voluntary on
her part, and that his manifestations of apparent force came rather
from his presuming her consent than from a purpose to ravish her."
From this it will be seen that though, Mr. Bishop doubted the ad-
missibility of evidence of this nature for the purpose of impairing
the credibility of the witness, he emphatically lays down the propo-
sition that such evidence has a direct and independent bearing upon
the question of consent. The same author elsewhere declares that
"in the matter of evidence, want of chastity may, within recog-
nized limits, be shown as rendering it more probable that she con-
sented." 2 Bish. New Cr. Law, § 1119. We extract the follow-
ing from 1 Whart. Cr. Law (10th ed.), § 568: "The real question
in such cases is, Is it material to the issue whether the prosecutrix
had previously such illicit intercourse? That it is no defense to
an indictment for rape that the prosecutrix was a woman of loose

character there can be no question; and if the fact of a forcible connection against the prosecutrix's will be established, her prior looseness would have nothing to do with the issue. On the other hand, when the issue is consent on the part of the prosecutrix, her prior history as to chastity is logically material." In his work on Criminal Procedure (p. 248) Maxwell states the law to be: "The previous conduct of the prosecutrix, as to whether or not she had connection with other men, is a proper subject of inquiry, as tending to show a want of chastity, and therefore that she would be more likely to consent than a virtuous woman—it is a circumstance for [the jury's] consideration as bearing upon the question of consent."

From the foregoing it seems to be well established that, independently of the question of the woman's credibility as a witness, the jury may properly consider evidence of her previous bad character for chastity, in determining whether or not she really consented to the sexual intercourse which she testifies was had against her will; and in a case like the present, where practically the only defense relied on was that no force whatever was used, the jury should be accurately instructed to the effect above indicated. The court not only failed to do this, but charged to the contrary; and consequently, as above stated, we have no alternative except to order a new trial. It is impossible to say with certainty that the incorrect charge did not injuriously affect the accused.

*Judgment reversed. All the Justices concurring.*