PITTS *v.* THE STATE.
McMICHAEL *v.* THE STATE.

Nos. 8108, 8109. DECEMBER 12, 1930.

*Dowling & Dowling,* for plaintiff in error.

*G. C. Spurlin, solicitor-general,* contra.

GILBERT, J. The two cases stated were argued together in this court. The evidence is substantially the same in both cases. The grounds of the motions for new trial are identical. The defendants were convicted of the offense of rape, with recommendation to mercy, and were sentenced to serve in the penitentiary for and during a term of not less than two years nor more than five years. The exceptions are to judgments overruling their motions for new trials.

■ Evidence was introduced for the purpose of impeaching the character of the injured female, and evidence was also introduced to support her character. Evidence was also introduced tending to show that the female immediately reported the alleged attack upon her, and warrants were immediately sworn out for the defendants, who for several days evaded arrest and were finally apprehended in a near-by county. Evidence by a physician tended to support her evidence. The jury accepted the evidence introduced by the State, which, if true, sufficiently supports the verdicts, and the trial judge approved the verdicts. Under these circumstances it can not be said that the verdicts are unsupported by evidence.

■ Error is assigned on the following instruction to the jury: "The law provides, that, from the peculiar character of cases of rape and assault with intent to rape, care is to be used with regard to them. The injured female is usually a competent witness, but it is generally laid down that the degree of credit to be given to her evidence depends, more or less, upon the concurrence of circumstances with her testimony; for instance, if she be of good fame, if she presently discovered the offense, made pursuit after the offender, and showed circumstances and signs of the injury, if the place where the fact was done was remote from people, inhabitants or passengers, or if the offender fled,—these and the like are concurring evidences which give greater probability to her evidence, when proved by others than herself. But if she concealed the injury for any considerable length of time after she had an opportunity to complain, if the place where the fact was supposed to be committed were near to inhabitants or places of common recourse or passage, and she made no outcry when the fact was supposed to be done,

when and where it is probable that she might be heard by others, these and the like circumstances carry a strong presumption that her testimony is false or feigned." Movants contend that the above instruction was erroneous, because (1) it is argumentative and prejudicial; (2) it is an expression of opinion by the court that certain facts had been proved in the case; (3) it is an instruction to the jury that they must give greater credence and credit to the testimony of the prosecuting witness under the circumstances detailed in said charge than under other circumstances; and (4) it lays down a mandatory rule by which the jury are to give greater weight to testimony under the circumstances stated in said charge than under other circumstances. *Held:* This charge was not error as against the accused. They could not have asked for a more favorable charge. Compare *Smith* v. *State,* 77 *Ga.* 705 (2 *a*).

■ Error is assigned as follows: "The court erred . . in refusing and declining to charge the jury, in said case, on the evidence of the previous unchaste and lewd character of the alleged victim of the charge of rape, to the effect that such evidence should be weighed by the jury, but as independently bearing upon the question whether or not she consented to the alleged sexual intercourse and as illustrating the issue of consent on her part, such issue being the principal defense of movant in said case, and because such a charge was demanded by the evidence." The trial judge makes a note in connection with this assignment of error, as follows: "There was no request to charge as to the matter above complained of, either in writing or otherwise." *Held:*

(*a*) In the absence of a timely written request, the failure to charge as indicated above was not error.

(*b*) Plaintiff in error cites *Seals* v. *State,* 114 *Ga.* 518 (40 S. E. 731, 88 Am. St. R. 31), to support the contrary view. In that case the court charged the jury: "Her character for virtue is immaterial, except as it may affect her character for veracity; that is, may affect the credit you may give to her testimony." This charge was excepted to on the ground that "it too greatly restricted the jury as to the purpose for which they could consider the evidence tending to show that before the alleged crime the witness was a lewd woman." This court held that the criticism upon the charge was well founded, and accordingly ordered a new trial. The exception there was quite different from that in the present instance.

596

See also *Thompson* v. *State,* 160 *Ga.* 520 (4) (128 S. E. 756).

It follows from the above rulings that the judgments overruling both motions for new trial are

*Affirmed.   All the Justices concur.*