18569. SMITH v. THE STATE.

WYATT, Presiding Justice. Edward Smith was tried and convicted of rape and sentenced to a term of not more than fifteen years nor less than seven years in the penitentiary. He filed his motion for new trial on the general grounds, and amended by adding three special grounds complaining of certain rulings of the trial judge on the admission of certain testimony. The motion for new trial was denied. The exception here is to this judgment. *Held:*

1. It is not necessary to set forth here the evidence produced upon the trial of this defendant for the offense of rape. It is sufficient to say that there was evidence which, if believed by the jury, was sufficient to authorize them to find the defendant guilty as charged. The jury having so found, that finding will not be disturbed by this court.

2. The first special ground complains because the court refused to allow counsel for the defendant, upon cross-examination, to question the prosecutrix regarding a conversation between a deputy sheriff, the attorney for the defendant, and the prosecutrix on the day the warrant was taken out and approximately three days after the offense was alleged to have been committed. The specific question to which objection was made and sustained was as follows: "Q. Do you remember when the deputy sheriff made the statement to you that—'Confucius say, "The rape being unavoidable to relax and enjoy it"?' I will ask you what was your reaction to that statement? Did you laugh?" The solicitor-general objected to the question and this objection was sus-

tained. There was no error in this ruling excluding the testimony here objected to. The reaction of the witness to the statement above referred to, some three days after the offense was alleged to have been committed, could have shed no light upon the question of whether or not a rape had been committed by this defendant upon this prosecutrix. Such testimony would have been entirely immaterial and irrelevant. It was not error to exclude it for any reason assigned.

3. The second special ground of the motion for new trial is not insisted upon in this court and has been specifically abandoned.

4. The third special ground complains of the admission over proper objection of the following testimony regarding the car allegedly driven by the defendant on the night the offense was alleged to have been committed: "Q. 'Mr. Lee, do you know who that car belonged to?' (Objection by Mr. Smith). The Court: 'I don't know. I will let him answer if he knows.' Q. (By Mr. Walker) 'Do you know who the car belonged to?' A. 'No, sir. At that time I didn't, but since then we learned that (sic) came off of a used-car lot in Jacksonville.' Q. 'How did it come off?' A. 'It was stolen from there.' (Objection by Mr. Smith). The Court: 'I think we could ask whose car it was.' (Argument by Mr. Walker). The Court: 'I overrule the objection'." It is contended that the above testimony was irrelevant, immaterial, and prejudicial and should have been excluded. Whether or not this ground should have been sustained if there had been no other testimony regarding the facts surrounding the car, it presents no ground for a new trial in this case, for the reason that later another witness for the State testified to substantially the same thing, and no objection was made to that testimony and no motion was made to rule it out. Where evidence is admitted over objection, but thereafter, during the trial of the case, the same facts are testified to by another witness without objection, the admission of the testimony of the first witness is not cause for reversal. *Seymour* v. *State*, 210 *Ga.* 21 (77 S. E. 2d 519); *Thompson* v. *State*, 191 *Ga.* 222 (11 S. E. 2d 795).

5. It follows from what has been said above, the judgment complained of was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Submitted May 10, 1954—Decided May 31, 1954.

*Benjamin Smith, Jr., Benjamin Smith, Sr., Smith & Smith,* for plaintiff in error.

*Kopp & Peavy, J. R. Walker, Solicitor- General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.