38125. POUND *v.* SMITH.

DECIDED APRIL 12, 1960.

*Casey Thigpen,* for plaintiff in error.

*J. Benton Evans,* contra.

NICHOLS, Judge. ■ The sole special ground of the amended motion for new trial complains of the admission of the following evidence: "Mr. Glass, came to where I [the defendant] was working and said Mr. Pound, the banker, sent him for the money or the car." The plaintiff's objection was that the statement as to what Julian Glass said was hearsay and would not be admissible unless there was evidence that the witness was the authorized agent of the plaintiff.

It is well settled that the unsworn declarations of a person are not admissible to prove agency. See *Augusta Roofing &c., Inc.* v. *Clemmons,* 97 *Ga. App.* 576, 578 (103 S. E. 2d 583), and citations. Therefore, the testimony of the defendant as to the declaration of the purported agent was insufficient to prove agency, and it was error to admit such evidence. However, the admission of such evidence was harmless for there was other evidence admitted that would authorize a finding that the actions of Julian Glass were ratified by the plaintiff. Error in improperly admitting evidence is not ground for reversal where evidence to the same effect is later admitted without objection. See *Healen* v. *Powell,* 91 *Ga. App.* 787, 790 (87 S. E. 2d 332), and citation. This similar evidence, introduced by the plaintiff, showed that a credit on the note was given the defendant for the return of the automobile, which automobile, under undisputed evidence, was taken from the defendant's possession by Julian Glass, the witness for the plaintiff, sold by him, and an amount credited to the note.

" 'An act can not be subject to ratification unless done for and in behalf of the person adopting it and attempting to ratify it.' *Render* v. *Jones Mercantile Co.,* 33 *Ga. App.* 394 (126 S. E. 159)." *Federal Deposit Ins. Corp.* v. *Thompson,* 54 *Ga. App.* 611, 616 (188 S. E. 737). The proceeds of the sale of the automobile went to the plaintiff and he accepted them, and credited the defendant with an amount on the note "by return of automobile." There can be no question but that the action taken by Glass was, at

least to some extent, for the benefit of the plaintiff and that he did accept the same. This was some evidence that the actions by Glass were for the plaintiff, and that he accepted them. Therefore, it was not reversible error for the trial court to admit the evidence complained of.

▪ The plaintiff, in his brief, contends that a verdict was demanded for him, and that therefore the trial court erred in denying his motion for new trial based on the usual general grounds.

The note sued on was in the amount of $508.52, the uncontradicted evidence showed that the defendant had paid (prior to the time the automobile was repossessed), $296.59 on such note, and the highest value placed on the automobile (at the time it was repossessed), was $150, which would leave a balance due the plaintiff of at least $61.93. Accordingly, the trial court erred in denying the plaintiff's motion for new trial on the usual general grounds because the verdict for the defendant was not authorized by the evidence, and on the contrary a verdict for the plaintiff was demanded.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*