## 29064. BLOODWORTH v. THE STATE.

PER CURIAM.

This is an appeal from two convictions for rape and two life sentences. The appellant was convicted for a third rape, but the trial judge granted a new trial as to that conviction. The issues on appeal are the sufficiency of the evidence to sustain the convictions and the admissibility of certain evidence tending to identify the appellant as the party who had committed the two crimes.

1. Five enumerated errors, basically the general grounds for a motion for a new trial, contend that the evidence does not sustain the convictions. Having reviewed the evidence, we hold that these enumerated errors are without merit.

2. Another enumerated error asserts that the trial court erred in allowing into evidence, over timely objection, material seized in a search without a warrant and not incident to a lawful arrest. The admitted evidence was obtained from the yard of a residence formerly occupied by the appellant. The appellant contended that he was in the process of moving from the residence but

claimed that he was entitled to possession of the premises until the day after the search and seizure. The search and seizure were made without a warrant. The appellant is correct in asserting that the yard of a private residence is "curtilage" within the protection of the Fourth Amendment. However, the evidence authorized a finding by the trial judge that the premises searched had been abandoned. The appellant was no longer residing on the premises, although he may have retained a lawful interest in them. The question of abandonment for Fourth Amendment purposes does not turn on strict property concepts but on whether the accused has relinquished his interest in the property to the extent that he no longer has a reasonable expectation of privacy in the premises at the time of the search. United States v. Brown, 473 F2d 952, 954, n. 5 (5th Cir. 1973); United States v. Wilson, 472 F2d 901, 902 (9th Cir. 1972), cert. den., 414 U. S. 868 (1973). This principle has been applied to find abandonment where a tenant has left residential premises even though he may retain the lawful right to possession. Parman v. United States, 399 F2d 559 (DC Cir. 1968), cert. denied 393 U. S. 858 (1968).

We conclude that the motion to suppress was properly denied, and the admission of this evidence upon the trial was not erroneous.

3. The other enumerated error contends that the trial court erred in allowing the testimony of a witness for the state, over timely objection, concerning a separate and distinct offense which was not material to the issues on trial. The argument is that the admission of this testimony put the appellant's character in issue in violation of Code § 38-202. The state argues that this testimony was within the exceptions to the general rule and that it was admissible.

The witness' testimony was to the effect that in July, 1972, she was awakened in her apartment at North Napier Apartments in Bibb County; she was awakened in the early morning hours by a man who had his hands around her throat and told her that he would not hurt her if she did not say anything; he then talked to her for about an hour or an hour and a half; he did not assault her; he told her that he had come in through an open window; he

told her that he had taken her pocketbook and given it to his little brother but that he would return it; later that same day, after working hours, a man telephoned and asked her to meet him at a shopping center to get her pocketbook; the man she met there was the defendant; he had her pocketbook, which he returned; she recognized his voice as the voice of the intruder, but she could not identify him on any other basis; and she became a friend of the defendant and saw him on numerous subsequent occasions.

This testimony was relevant only on the question of the identity of the appellant.

In *Allen v. State,* 201 Ga. 391, 395 (40 SE2d 144) (1946), two witnesses were permitted to testify as to prior criminal acts of the defendant. One of the prior acts was a rape committed in a manner similar to the alleged rapes in this case. The other prior act involved no rape but only a break-in in the middle of the night with a knife. This court held the evidence properly admitted and said: "If the method or scheme employed in the commission of the crimes of similar nature were the same, this aids in identification, and proof of other such crimes is admissible. It remains only to ascertain by an examination of the evidence whether or not other crimes proven were similar in motive, plan or scheme, and helped to identify the accused as the person who committed the crime for which he was on trial. The common elements are that they were all committed in the same general section of the City of Atlanta, they were attacks upon white women, and that in each a knife was employed as a means of intimidating and coercing submission. These facts bring the evidence clearly within the exception to the general rule and render it admissible under the recognized exception. It is strongly urged by counsel, however, that the occurrence at 352 Kelley Street, since the defendant was frightened by the screams of his victim and the appearance of her father, and fled without doing more than entering her room after 2 o'clock at night and exhibiting a knife and ordering her to say nothing, is so dissimilar to the crime charged in the indictment as to exclude the evidence under the general rule. A mere recital of what occurred refutes the contention thus made

and shows the similarity necessary to admit the evidence."

We conclude that the evidence objected to, being very similar to the evidence showing commission of the crimes for which the appellant was being tried, was admissible to show the intent, motive, plan, scheme, and bent of mind of the appellant. See *Hunt v. State,* 233 Ga. 329.

This enumerated error is without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent and Ingram, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 9, 1974 — DECIDED FEBRUARY 4, 1975.

*Westmoreland, Patterson & Moseley, R. Robider Markwalter,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I dissented in *Hunt v. State,* 233 Ga. 329, and I also dissent in this case.

It is my view that evidence of an independent offense or crime is never admissible unless the prejudice it creates toward the accused is outweighed by its relevance to the issues on trial. See *Larkins v. State,* 230 Ga. 418 (197 SE2d 367) (1973).

Where the identity of the accused as the perpetrator of the crime is the issue, most courts have been particularly strict in allowing evidence of prior crimes or offenses. McCormick suggests that, where identity is to be shown by a similar method of prior crimes, the "device used must be so unusual and distinctive as to be like a signature." McCormick on Evidence (2d Ed., 1972), Sec. 190.

I think that the evidence of Nancy Hall relating to a prior and independent offense was prejudicial to the accused, and its relevance to the issues on trial did not outweigh this prejudice in the eyes and ears of the jury.

I think that the appellant is entitled to a new trial

free from this prejudicial testimony.
I respectfully dissent.