## 31593. JOHNSON v. THE STATE.

NICHOLS, Chief Justice.

The defendant was jointly indicted with two others for murder and attempted armed robbery. He was tried separately and found guilty on both counts. He was sentenced to life on the murder charge and to ten years on the attempted armed robbery charge. His motion for new trial was overruled and the present appeal filed.

1. The second enumeration of error complains of the admission of defendant's statement into evidence. The testimony, including that of the district attorney, showed that the defendant at first refused to make any statement to law enforcement officers. The district attorney then told him that if he would tell all he knew he would see that the defendant was sentenced to no more than 20 years. The defendant asked that an attorney be appointed for him so that he might discuss whether he should accept the offer. After an attorney was appointed and after conference with the defendant the offer was accepted. The statement given by the defendant covered his participation in the murder as well as several other crimes. He also gave information as to other crimes of which he had knowledge. When the defendant refused to go further and testify against his co-defendants and others, the offer was withdrawn. The state then introduced that part of defendant's statement dealing with the crimes for which he was on trial over objection that it was given through hope of benefit and reward.

In *Turner v. State,* 203 Ga. 770 (2) (48 SE2d 522) (1948), this court held: "While the plain provisions of the Code, § 38-412, forbid a ruling that to be admissible a

confession must be spontaneous, as was said in *King v. State,* [155 Ga. 707 (118 SE 368)], the provisions of § 38-411 require the exclusion from evidence of any confession that is induced by another by the slightest hope that the confession would make his punishment lighter. Accordingly, the confession or incriminatory statement in the present case, in which the accused was convicted of murder with a recommendation of mercy, was inadmissible, inasmuch as it is shown by the record that the sheriff, to whom it was made and who had arrested the accused, testified that 'All I told him was if he would tell the truth it would be lighter on him,' and the confession or incriminatory statement followed that statement of the sheriff. Such a statement by the arresting officer was improper and no doubt gave the accused, not merely the 'slightest hope,' but a real hope for lighter punishment. The court erred in admitting the alleged confession or incriminatory statement of the accused over objection." See also *Strickland v. State,* 199 Ga. 792 (35 SE2d 463) (1945); *Strickland v. State,* 226 Ga. 750 (177 SE2d 238) (1970); and *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972).

The offer of only a 20-year sentence for all of defendant's involvement including the murder charge was substantial reward. The district attorney stated that at one time in his plea bargaining he had offered a guarantee of only an eight-year sentence if defendant would testify for the state. The defendant's statement should have been excluded on the facts of this case, and the trial court erred in allowing the statement to be read to the jury.

2. The first enumeration of error complains of the admission of photographs of the victim's home, both inside and outside. These exhibits were properly identified by the investigator who took the photographs and another investigator who was present when they were taken. There is no merit in this enumeration of error.

3. The third and fourth enumerations of error complain of the admission in evidence of a pair of shoes owned by the deceased and a pair of shoes and shirt allegedly worn by a co-indictee at the time the crime was committed. The witness testified that a footprint found at the scene

was made by the shoes of the deceased and that no blood-stains were on the clothing introduced. We agree with the defendant that this evidence shows no relevance except that it tends to exclude the defendant's presence at the scene. Being favorable to the defendant, the admission of this evidence shows no error.

4. The sixth and eighth enumerations of error contend the medical testimony was insufficient to establish the cause of death and the evidence was insufficient to support the verdict. The doctor who performed the autopsy testified in detail as to the lacerations on the victim's head, that his skull was fractured which caused him to be rendered unconscious and immobile, thus resulting in hypostatic pneumonia from which he died. This sufficiently established the cause of death resulting from the beating received by the victim.

The evidence as presented on the trial of this case was sufficient to sustain the verdict, and there is no merit in these enumerations of error.

5. The remaining enumerations of error need not be ruled upon at this time since the case is being reversed and such alleged errors will not likely reoccur on another trial.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 30, 1976 — DECIDED NOVEMBER 3, 1976 — REHEARING DENIED DECEMBER 1, 1976.

*Crudup & Howell, John P. Howell,* for appellant.
*John T. Strauss, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.