## 31998. WILLIAMS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Joseph Williams, Jr., was convicted of the armed robbery of Hill's Food Store, Inc., and brings this appeal. His main contention is that the trial court erred in ruling that the typed transcript of his taped statement was admissible at trial. We agree and reverse.

1. Williams was apprehended and held in Massachusetts where two public defenders were appointed to represent him in an extradition proceeding. While doing so, in a telephone conversation with a Richmond County assistant district attorney, these attorneys worked out a plea bargaining agreement whereby the state would recommend eight years if Williams would tell his story. Williams, at the public defenders' suggestion, then made a taped confession implicating himself and others in this and several other crimes. Back in Georgia, he refused to testify against the others. The state, over his objection, used a transcript of the tape at Williams' trial. The trial court found the confession voluntary at a Jackson-Denno[1] hearing, and after the jury brought back a guilty verdict, gave him a life sentence.

Code Ann. § 38-411 provides that "[t]o make a confession admissible, it must have been made

---

[1] Jackson v. Denno, 378 U. S. 368 (84 SC 1774) (1963).

voluntarily, *without being induced by another, by the slightest hope of benefit* or remotest fear of injury." We do not think that a confession acquired under the circumstances here meets this criterion. *Johnson v. State,* 238 Ga. 27 (230 SE2d 849) (1976); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972); *Turner v. State,* 203 Ga. 770 (48 SE2d 522) (1948); *King v. State,* 155 Ga. 707 (118 SE 368) (1923).

In *Johnson v. State,* supra, the defendant agreed to tell what he knew in exchange for recommendation of twenty years. When he refused to go further and testify against his co-defendants after he confessed, the state withdrew its offer and used the confession against the defendant. We reversed. In the case before us, it is Williams, not the state, who has refused to carry out the bargain. However, the same principle is involved. This is a risk the state must take if it seeks to induce the co-operation of an accused, and amounts to no more than the withdrawal of a guilty plea. To rule otherwise would be contrary to the clear intention of the statute that a confession induced by the slightest hope of benefit or remotest fear of injury may not be used against a defendant. On this basis, the judgment must be reversed.

2. Williams also enumerates as error the denial of a commitment hearing within seventy-two hours of his arrest or return to Georgia from Massachusetts. He was arrested on July 12, 1976, and indicted on July 21, 1976. He raised this issue for the first time by motion during his trial. We find no error. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976); *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26) (1973).

Because of our decision in Division 1, however, the judgment must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Hall, J., who dissents.*

SUBMITTED FEBRUARY 11, 1977 — DECIDED JUNE 29, 1977.

*O. L. Collins,* for appellant.
Joseph Williams, Jr., *pro se.*

*Richard E. Allen, District Attorney, Gayle B. Hamrick, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.