## 32301. HODGE v. THE STATE.

PER CURIAM.

Appellant was convicted of the forcible rape of a fifteen-year-old girl and was sentenced to fifteen years in prison.

1. In support of his argument on the general grounds, appellant maintains that there was no evidence of force sufficient to support the jury's verdict.

The 15-year-old victim testified that, at the time of the rape, her two and one-half year old niece was present. She testified that the infant approached the appellant at the inception of attack; that appellant pushed the infant

down; and that the infant began to cry. Appellant threatened harm to the infant if the victim did not submit to his attack. The fact of penetration resulting in lacerations, bleeding, and bruising was established by medical testimony.

In light of this evidence, the jury was authorized to find that the victim did not consent, and that her resistance was overcome by her fear for her own safety and the safety of her infant niece. *Curtis v. State,* 236 Ga. 362 (223 SE2d 721) (1976); *Pierce v. State,* 230 Ga. 766 (199 SE2d 235) (1973). The general grounds are without merit.

2. Appellant claims that he should be given a new trial because the court below admitted, over strenuous objections, evidence of various occurrences which he claims put his character in issue. Code Ann. § 38-202.

The victim's sister, who was acquainted with the appellant, was allowed to testify that appellant once told her "that if he had the opportunity he wanted to make love to me." She also testified that shortly after the alleged rape occurred, but before it was reported, appellant, without provocation, pinched her "on her rear." Finally evidence was also admitted that, approximately one and one-half months prior to the day of the rape, appellant gave a married woman a book that was characterized by both the woman and the district attorney as obscene, after she had remarked to him that she liked to read "trash."

The trial court erred in admitting the above evidence. It was irrelevant evidence "to show motive, bent of mind and course of conduct," specifically, rape. However, the error in admitting this evidence was clearly harmless because it cannot be said that it is highly probable that this irrelevant evidence contributed to the conviction of rape. *Johnson v. State,* 238 Ga. 27 (230 SE2d 849) (1976).

3. Appellant maintains that he was denied his right to a "thorough and sifting" (Code Ann. § 38-1705) cross examination of a state's witness. The witness was a prisoner, who was serving a four-year sentence for attempted forgery of a drug prescription. The state had made a deal with him, to recommend that his sentence be reduced to twelve months to serve in either the Cobb

County Works Camp or the Cobb County Adjustment Center. In return the witness had agreed to be placed in appellant's cell for the purpose of obtaining information regarding the crime, and to testify as to any such information obtained. All this was explained to the court and the jury prior to examination of the witness, and appellant was given notice of this prior to the trial.

The witness testified that appellant, at one time, told him he wanted to plead guilty so he could "get out in five years" and return to his family. The witness also stated that appellant told him that his girl friend wanted him to take his chances on a jury trial, and try for an acquittal.

We note that there was no objection raised at trial or in this appeal to the introduction of this testimony. The only question before us is whether the trial court erred in sustaining an objection, made by the state, to a single question asked during the cross examination of this witness. The question asked was: "Do you know that when you go out there [The Cobb Adjustment Center] you are out about three weeks, do you understand that?" The state interposed an objection that this question assumed incorrect facts regarding the length of time persons stay at the adjustment center. The court sustained the objection with the admonition "I think you are going too far." Counsel for appellant made no response to this objection and ruling, but merely continued the cross examination.

The scope of cross examination lies largely within the discretion of the trial court and will not be disturbed absent a showing that this discretion has been abused. *Davis v. State,* 230 Ga. 902 (3) (199 SE2d 779) (1973). We find no such abuse here.

4. We have reviewed the remaining enumerations of error, and find that they are without merit.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs specially, and Jordan and Hill, JJ., who dissent.*

SUBMITTED MAY 13, 1977 — DECIDED SEPTEMBER 8, 1977.

*Paulk & Kearns, Ralph W. Kearns, Jr.,* for appellant. *Thomas Charron, District Attorney, Adele P.*

*Grubbs, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

BOWLES, Justice, concurring specially.

I concur in what is said in the per curiam opinion of this court and the judgment of affirmance for two additional reasons which are not stated in the opinion as written. The evidence showed that the defendant although married at the time of the occurrence, was not living with his wife, but was admittedly living with another female. (Adultery, Code Ann. § 26-2009). This evidence was not objected to by defendant in the trial of the case, and in my opinion such evidence having been admitted without objection, defendant has waived his right to complain about the admission of similar evidence, i.e. the pinching on the rear (Simple Battery, Code Ann. § 26-1304) and the trashy book delivered to another married woman. (Obscene materials, Code Ann. § 26-2101 (1976); *Smith v. State,* 210 Ga. 713 (4) (82 SE2d 507) (1954); *Pound v. Smith,* 101 Ga. App. 500 (1) (114 SE2d 280); *Wainwright v. Conger,* 113 Ga. App. 27 (2) (147 SE2d 28); *Healan v. Powell,* 91 Ga. App. 787, 790 (2) (87 SE2d 332)).

Additionally, he being 35 years of age, married and living with another woman, against the victim baby sitter's being 15 years of age, when coupled with the last mentioned acts, illustrated his "bent of mind," for the purposes of proof in his case.

JORDAN, Justice, dissenting.

The majority is no longer content to whittle away (compare *Larkins v. State,* 230 Ga. 418 (197 SE2d 367) (1973) with *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974) and *Bloodworth v. State,* 233 Ga. 589 (212 SE2d 774) (1975)) at the protection Code Ann. § 38-202 provides an accused against highly inflammatory and prejudicial evidence of his general character which has little, if any, relevance to the issues which are properly before the jury. The court has now put aside its pen-knife, and taken an axe to the statute, all under the guise of the "harmless error" rule.

If Code Ann. § 38-202 means anything in a case

involving a sexual crime, surely it means that when the legitimate probative value of evidence of the accused's conduct in other transactions is as tenuous as it is here, then it must be excluded, for its relevance is far outweighed by its prejudicial effect.

Neither can it be said that the introduction of this testimony was harmless error. The evidence in this case largely amounted to a swearing contest between the prosecutrix and the accused. Further, I note that the able district attorney in this case clearly felt that this evidence would enhance his chances of gaining a conviction. He fought vigorously, in hearings prior to the trial and during the trial itself, to get this evidence before the jury. At the close of his opening statement he informed the jury that the evidence would show the conduct of the accused in these other matters, and pointedly asked them to "watch for it." It is impossible to read this record and not conclude that the district attorney felt strongly that this evidence would enhance his chances of obtaining a conviction. It is clear that the district attorney did not overestimate the impact that this evidence would have on a jury.

I dissent to the holding of the second division of the per curiam opinion, and the judgment.

I am authorized to state that Mr. Justice Hill joins in this dissent.

HILL, Justice, dissenting.

The outdated rule in Georgia used to be that in a trial for rape, evidence tending to show that before the commission of the alleged offense the woman had been of unchaste character was relevant as affecting her credibility as a witness and as bearing upon the question of whether or not she had consented to the sexual intercourse. *Seals v. State,* 114 Ga. 518 (40 SE 731) (1901).

In 1974 in *Lynn v. State,* 231 Ga. 559 (203 SE2d 221) (1974), this court adopted the majority rule in the United States and held that the victim of an alleged rape may not be cross examined as to specific acts of prior sexual intercourse with men other than the accused. See also Ga. L. 1976, p. 41 (Code Ann. § 38-202.1).

Having corrected the law insofar as the alleged victim of the rape is concerned, the majority now applies

the outdated rule to the accused and holds that in a trial for rape evidence tending to show that before the commission of the alleged offense the accused had been of unchaste character is relevant as bearing upon the question of whether or not he committed the sexual intercourse. I do not agree with such a ruling and I join the dissent of Justice Jordan.