## 46237. BAILEY v. THE STATE.

(374 SE2d 724)

CLARKE, Presiding Justice.

Bailey was convicted of the murder of Joseph Williams and sentenced to life imprisonment.[1] After an afternoon of drinking, the appellant and the victim began to argue and fight. Appellant was driven home. There he got a shotgun and returned to the house where the victim was still drinking. He broke out a windowpane, reached through to unlock the kitchen door, and shot the victim. A witness testified that he saw appellant outside the house loading a shotgun. He testified that he slammed and locked the kitchen door in appellant's face and ran out of the kitchen. He saw the gunbarrel of the shotgun come in through the kitchen door. When he returned to the kitchen after hearing the gunshot, he saw appellant standing over the victim. Another witness also testified to hearing the shot and to hearing the victim say, "Man, you done shot me." Appellant's wife testified that appellant told her that he had shot the victim. Appellant

[1] The crime was committed on March 4, 1987. Appellant was indicted April 28, 1987. He was tried by a jury, convicted of murder, and sentenced to life imprisonment on June 16, 1987. A motion for new trial was filed July 13, 1987, amended July 21, 1987, and denied August 1, 1988. The notice of appeal was filed July 10, 1987. The notice of appeal was filed to the Court of Appeals, which transferred the case to this court September 19, 1988. On August 4, 1987, the court reporter certified the transcript. The case was docketed in this court on September 22, 1988, and submitted for opinion November 4, 1988.

himself, in his statement to police, stated that he fired at the victim as the victim came towards him.

1. The evidence in this case was sufficient to satisfy any rational finder of fact of the proof of each element of the crime of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's first two enumerations of error concern the chain of custody of shotgun shells found outside the house where the shooting took place and in the car of appellant's wife. A review of the transcript shows that there was no harmful error in the admission of the shells. Even if there were error, however, the evidence was merely cumulative in view of the massive amount of evidence against the appellant.

3. Appellant complains that the presence of a knife on the victim was not revealed to the defense until halfway through the trial. He contends that this fact constituted exculpatory evidence which should have been furnished him pursuant to his *Brady* motion. The only evidence concerning this knife was that it was a pocket knife found in a closed position in the pants pocket of the victim. The trial judge found that was not exculpatory evidence which should have been furnished to appellant pursuant to his *Brady* motion. We find no error in this determination.

4. The next enumeration of error concerns appellant's contention that his *Miranda* rights were not properly explained to him and that his equivocal request for an attorney was not honored or clarified. Appellant signed a waiver of counsel form waiving the right to counsel before questioning. The record of the taped interview with appellant makes clear that his right to counsel was explained and that he elected to go forward with questioning without counsel.

5. Finally, appellant argues that the court erred in allowing a police officer to testify prior to a *Jackson-Denno* hearing. The testimony of the officer prior to the *Jackson-Denno* hearing concerned the actions of the officers at the scene of the crime and the evidence found at the scene. Appellant's attorney asked if appellant had been picked up by police or if he had turned himself in. The officer responded that while he was still at the crime scene it was reported to him that a man had turned himself in, stating that he had shot someone. There was no objection and no request for curative instructions. Further, the answer was responsive to a question asked by appellant's counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 5, 1989.

*William J. Sussman*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General*, for appel-

lee.