A89A1823. INGRAM et al. v. HARPER.
(390 SE2d 416)

BIRDSONG, Judge.

Jeff Harper sued Walter Ingram and Ingram's employer, Marietta Plastering Company, Inc., for injuries received when Harper, who sells a synthetic stucco product, went into subdivision property where Ingram and a crew were plastering a new house, on September 26, 1986. Harper testified, and the evidence viewed in favor of the verdict showed, that when he walked up to Ingram to give his sales pitch, Ingram accused Harper of bad-mouthing the product and method that Marietta Plastering Company was then using, and then picked up a two-by-four board and swung it at Harper's head. Harper threw up his right arm in reflex and the board struck his right elbow. He believed the blow would have killed him if it had struck his head. Instead, it crushed his elbow and caused a large swelling lump of fluid to appear almost immediately, and required an operation whereby a

five-inch screw was inserted into the elbow and remained for several months while he wore a cast.

The jury awarded Harper a verdict against defendants Walter Ingram and Marietta Plastering Company for medical expenses, $15,000 general damages, and $25,000 punitive damages. Defendants enumerate three errors on appeal. *Held*:

1. Appellants contend the trial court erred in allowing Harper to introduce evidence of Harper's good character, particularly since the trial court, on defendants' motion in limine, had expressly ruled out such evidence.

We find no error in the circumstances of this case. OCGA § 24-2-2 provides: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

Defendant Ingram was called by the plaintiff during plaintiff's presentation. He denied having struck Harper at all, and explained his action of swinging a "cardboard cylinder" *at* Harper as extreme annoyance at Harper's persistence in calling on him at job sites and at Harper's alleged "bad-mouthing" of his company to a builder. Then, he added, "[This was] just one of [those] things that [Harper brought] on over a period of months, and that led into it. Normally, I shouldn't even have let him needle me into it, *and the more I think about it I think it was more or less him just leading up to what he's doing right now*." (Emphasis supplied.) Ingram was obviously referring to the bringing of this lawsuit. Plaintiff's counsel then asked, "Including the crushed elbow, I suppose?" and Ingram replied, "He just sustained that when he [ran]. . . ."

This testimony injected by defendant went far beyond the setting up of a denial or a defense to the plaintiff's allegations. It directly accused plaintiff Harper of needling Ingram to intentionally bring about a situation whereupon Harper could, and did, file a false lawsuit against him for an injury which Ingram did not inflict. In this, Ingram clearly put in issue the plaintiff's character for having brought the lawsuit and having needled him over a period of time so as to create a false accusation of liability. Ingram's testimony escaped the realm of disputing Harper's evidence, and in attempting to describe "the nature of the action," impugned the character of Harper within the meaning of OCGA § 24-2-2 and "[rendered] necessary or proper the investigation of such conduct." That is, by statute, evidence of Harper's good character was admissible.

Moreover, although Ingram argues Harper's evidence of good character forced him to change his defense strategy (in which he provided ample evidence of his own good character and Harper's bad character), we cannot accept this description of the proceedings.

Plaintiff called as a witness a business acquaintance of both men, and first asked him about *Ingram's* character and reputation in the community. The defendants did not object to this questioning, nor to the witness' response that Ingram's reputation for character and honesty was "bad." Plaintiff's counsel then inquired as to plaintiff Harper's reputation and character, whereupon Ingram objected.

If defendants had intended to rely upon the ruling on their motion in limine to keep out all evidence of character, they were obliged to object to the evidence of Ingram's own bad character. Instead, by allowing this evidence they invited, if not condoned, the subsequent introduction of evidence of Harper's good character. Then, by objecting to this latter evidence, they sought to preserve a question of error on plaintiff's part, thus seizing the opportunity to later introduce negative evidence of Harper's character and positive evidence of Ingram's character.

The defendants' failure to object to evidence of Ingram's own character, which was substantially the same in nature as that concerning Harper's character, prohibits a reversal on grounds that evidence of Harper's character was inadmissible. See *Smith v. State*, 210 Ga. 713 (82 SE2d 507). Although *Smith* involved the *same* evidence, defendants here, without objection, allowed the same *prohibited category* of evidence, i.e., character evidence; thus the introduction of the subsequent admission of same prohibited evidence as to Harper, is not grounds for reversal. See similarly *Bell v. Bell*, 210 Ga. 295, 297 (79 SE2d 524). And, by failing to object to evidence of any party's character when it was first offered, appellants cannot then object to substantially the same evidence as to another party, for they have waived that right. *Sides v. State*, 213 Ga. 482, 487 (99 SE2d 884); *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 514 (199 SE2d 881). We conclude the evidence complained of was not erroneously admitted; but if there was any error, defendants aided in causing its occurrence by failing to object when such evidence was first admitted as to Ingram himself.

2. According to our ruling in Division 1, the trial court did not err in denying a mistrial on the grounds submitted.

3. Defendants Ingram and Marietta Plastering Company complain the trial court "erred in furnishing a verdict form which did not provide a way for the jury to find in favor of defendant [Marietta Plastering Company]," independently of any finding of Ingram's liability.

The trial court and the parties thoroughly discussed the verdict form and, whatever the reasons given by the trial court for its own conclusions, the defendants made no objection to the verdict form. They were expressly asked, after time for review, if they had any objection to the jury form; defendants' counsel announced the form was

"fine." Defendants cannot now complain of an error or ruling which their own conduct procured or aided in causing. *Dodd,* supra; *Parlato v. City of Atlanta,* 151 Ga. App. 235, 237 (259 SE2d 217). " 'A defendant will not be allowed to induce an asserted error, sit silently hoping for a [favorable verdict], and obtain a new trial when that tactic fails. . . .' 'Induced error is impermissible and furnishes no ground for reversal.' " *Bess v. State,* 187 Ga. App. 185, 189 (5) (369 SE2d 784). Moreover, appellants waived any error by their failure to object, for " 'one must assert his rights properly or face the possibility of their being forever lost.' " *Bennett v. State,* 187 Ga. App. 234, 235 (369 SE2d 552), citing *Bostick v. Ricketts,* 236 Ga. 304 (1) (223 SE2d 686).

We do not concede that the verdict form was harmful error in this case, for the evidence showed fairly Ingram committed a wilful tort in and during the course of his employment and as secretary/treasurer of Marietta Plastering Company, thus calling the employer in as liable by respondeat superior. But, if there was any error committed, appellants invited it by agreeing to it, and by failing to object to any error, thus giving the trial court no chance to correct it, and have therefore waived their right to claim error on appeal, according to the cases just cited.

We find no merit in this appeal.

*Judgment affirmed. Deen, P. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED JANUARY 10, 1990.

*Murray, Donovan & Nabors, Donald R. Donovan,* for appellants.
*Moore & Rogers, Stephen C. Steele, David P. Oliver,* for appellee.