A96A1927. PRICE v. THE STATE.
(475 SE2d 692)

JOHNSON, Judge.

A jury found Kevin Price guilty of driving under the influence of alcohol. He appeals from the conviction entered on that verdict.

The state has failed to submit a brief in compliance with Court of Appeals Rule 26 (b). As this Court noted in *Sieveking v. State*, 220

Ga. App. 218 (469 SE2d 235) (1996), this dereliction of duty is a disservice to the community at large, which is left unrepresented.

1. Price contends that the trial court erred in allowing the police officer to testify regarding numerical readings of the alco-sensor test he administered to Price. "Alco-sensor results are not used as evidence of the amount of alcohol or drug in a person's blood. Instead, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol." (Citations and punctuation omitted.) *Porche v. State*, 217 Ga. App. 325 (1) (457 SE2d 578) (1995). It is evident from a review of the transcript of the trial that the police officer, counsel for both parties, and the court were well aware of this rule. When initially testifying about the field sobriety tests he had performed on Price, including the alco-sensor, the officer testified only that the alco-sensor gave a positive reading when Price blew into it. On cross-examination, defense counsel asked the officer whether, in the course of the officer's training, he had been given any information as to the predictive accuracy of the HGN, walk and turn, and one-leg stand sobriety tests. The officer responded that if a high percentage of "clues" were given during the performance of these tests, a person would likely have an alcohol level of .10 or above. Counsel objected to the testimony, stating the rule that quantitative results of an alco-sensor were inadmissible. The question responded to by the police officer, however, did not even include alco-sensors as one of the field sobriety tests. After an extensive discussion outside the presence of the jury, counsel continued her cross-examination of the officer, asking repeated specific questions regarding the effects of various quantities of alcohol on alco-sensor readings. The trial court noted that defense counsel had "opened the door" to testimony regarding an alco-sensor's capability for quantitative measurement of blood alcohol levels, generally. On re-direct examination the solicitor asked what the numerical reading of Price's breath was, to which the officer responded .14. Defense counsel did not object to this question or the response. "A defendant will not be allowed to induce an asserted error, sit silently hoping for a favorable verdict and obtain a new trial when that tactic fails. Induced error is impermissible and furnishes no ground for reversal. Moreover, [Price] waived any error by [his] failure to object, for one must assert his rights properly or face the possibility of their being forever lost." (Citations and punctuation omitted.) *Ingram v. Harper*, 194 Ga. App. 209, 212 (3) (390 SE2d 416) (1990).

2. Sergeant R. P. Miniatis, the sole witness in the case, testified that a roadblock had been set up at the intersection of Piedmont and Lake Shore in the City of Atlanta. Ten patrol cars and a van were present at the roadblock, which was illuminated by red and blue

emergency flashing lights. At approximately 3:30 a.m. Price drove up to the roadblock and Miniatis noticed a very strong odor of alcohol coming from the vehicle and from Price, who appeared to be disoriented. Miniatis had to repeat himself several times when he asked Price to produce his drivers' license and insurance card. After complying with Miniatis' request to get out of his car, Price failed several field sobriety tests, and was cited for driving under the influence of alcohol. In his brief, Price reiterates the evidence most favorable to his case, including testimony that he was not fighting or defiant and did not use profanity, suggesting the evidence was insufficient to support his conviction. On appeal, however, we do not reweigh the evidence, but view it in a light most favorable to support the verdict. Viewed in this light, the evidence presented in this case was sufficient to enable a reasonable factfinder to find Price guilty beyond a reasonable doubt of driving while under the influence of alcohol to the extent that it was less safe for him to drive. OCGA § 40-6-391 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Parrish v. State*, 216 Ga. App. 832, 833 (2) (456 SE2d 283) (1995).

3. Price's final allegation of error, that the state failed to prove an essential element of the offense, operating a "moving vehicle," because he was observed only driving up to the roadblock and not committing a traffic violation is without merit. See *Anthony v. State*, 211 Ga. App. 622, 623 (1) (441 SE2d 70) (1994); *Rylee v. State*, 210 Ga. App. 314 (436 SE2d 52) (1993).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 3, 1996.

*Yvonne A. Twyman-Williams*, for appellant.
*Louise T. Hornsby, Solicitor, Marcelle Castillo, Assistant Solicitor*, for appellee.