## A96A2278. HALL v. THE STATE.
(477 SE2d 364)

JOHNSON, Judge.

After his motion to suppress was denied, Fred Hall was found guilty of possession of cocaine with intent to distribute. He appeals the denial of his motion to suppress.

At the hearing on Hall's motion to suppress, DEA special agent Michael Shedd testified that, on his way to work one morning, he noticed a car traveling more slowly than the other traffic and weaving within its lane on I-75 near Macon. The car moved out of its lane, into the emergency lane, and back. Concerned about the condition of the driver, Shedd radioed for local police assistance. When he was pulled over, Fred Hall provided police with a copy of a rental agreement between a car rental agency and a third party. Hall was not shown as an authorized driver on the agreement. The agreement specified that "[n]o persons [are] allowed to drive [the vehicle] other than [the] renter." Hall told the police officer he did not have a driver's license, and the officer confirmed that Hall's license had been suspended. Hall was taken into police custody, and the car was impounded. While in an impound lot, a dog trained to detect narcotics identified the possible presence of narcotics in the car. When police removed the door panels of the car they found approximately ten grams of cocaine, $3,000 in cash, and several cellular telephones.

Although Hall testified at the motion to suppress hearing that he was not weaving or driving slowly, in this appeal he does not contest either the trial court's conclusion that there was probable cause for the stop or the police impoundment of the car. Rather, Hall asserts the trial court erred in concluding in its order that he had "no possessory or property interest" in the car and therefore lacks standing to complain about the search of the vehicle after it was impounded. The trial court further concluded that the search of the car, after it was impounded, was a valid search.

1. The issue before us is whether an unlicensed and unauthorized driver of a rental vehicle has a reasonable expectation of privacy in the vehicle after he has been placed under arrest and acquiesced in the impoundment of the vehicle. "A defendant may challenge the validity of a search and seizure and claim the benefits of the exclusionary rule only if his own Fourth Amendment rights have been violated. *United States v. Salvucci*, 448 U. S. 83, 85 (100 SC 2547, 65 LE2d 619) (1980). In *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978), the Supreme Court held that passengers occupying an automobile could not invoke the protections of the Fourth Amendment with respect to a search of the vehicle where they 'asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized.' Id. 439 U. S. at

148." *Mecale v. State*, 186 Ga. App. 276, 277-278 (367 SE2d 52) (1988). A protected privacy interest then, giving rise to standing to challenge a search of a vehicle, is a person's possessory or property interest in the vehicle itself or some item found therein. This Court has acknowledged a broad range of circumstances giving rise to a person's reasonable expectation of privacy in an automobile. Relevant to our inquiry in this case are those cases in which a car has been loaned, or is being driven by someone other than the owner. Clearly, a lessee of a rental car has a reasonable expectation of privacy during the term of the lease because the contractual relationship grants the lessee a property interest in the car for a finite term. See generally *Reinhardt v. State*, 197 Ga. App. 825, 827 (3) (399 SE2d 729) (1990). And a person who has been loaned a car, while not acquiring any property interest in the car, has a present possessory interest giving rise to a reasonable expectation of privacy. In *State v. Combs*, 191 Ga. App. 625, 626 (1) (382 SE2d 691) (1989), this Court held that the driver of a car which the passenger borrowed from a third party had standing to contest the search of the vehicle because he had some possessory interest in the vehicle and, consequently, an expectation of privacy.

Hall argues that he had a reasonable expectation of privacy in the car because it was loaned to him. He contends that his expectation of privacy is not compromised by the existence of a contract between the car rental agency and his friend which did not authorize Hall to drive the vehicle. Even if we accept his argument, *Bloodworth v. State*, 233 Ga. 589, 590 (2) (212 SE2d 774) (1975), that we should ignore the contract because strict property concepts are not necessarily controlling for Fourth Amendment purposes, and find that Hall had a privacy interest in the vehicle by virtue of it having been loaned to him, that privacy interest extended only for the period of time that the car was in his possession. Hall's use of the car created a bailment, and we hold that his standing to complain of a search extended only so long as he was in possession of the car.

Our research has not revealed a Georgia case which examines the scope of a bailee's reasonable expectation of privacy in a vehicle, but other jurisdictions have: In *People v. Washington*, 413 NE2d 170 (Ill. 1980), an Illinois court held that rights as bailee or occupier of an automobile terminated when the driver left the car unattended and unlocked while he fled the scene of a crime; in *State v. Albert*, 426 A2d 1370 (Me. 1981), a defendant had no standing to object to a search of his girl friend's car three weeks after he had returned it to her; in *State v. Wisumierski*, 317 NW2d 484 (Wis. 1982), an arrested driver agreed to turn the car over to a passenger and police searched it before the passenger could take possession of it, the passenger did not have standing of bailee because delivery had not yet been effected

and he did not have requisite dominion and control of the vehicle.

Ultimately, *Bloodworth*, supra, upon which Hall relies to have us disregard the rental agreement and find that he had a possessory interest in the car, held that a tenant, after abandoning property, has no reasonable expectation of privacy in it, even if a legal right to re-enter exists. In this case, Hall concedes that the police had probable cause to stop him and did not challenge the impoundment of the car at the scene. Cf. *State v. Ludvicek*, 147 Ga. App. 784 (250 SE2d 503) (1978). Therefore, when the car was impounded without objection, the bailment terminated and any expectation of privacy and, derivatively, standing to complain of a subsequent search were extinguished. Although the trial court did not reach this conclusion by exactly the same means, this Court will affirm a trial court's denial of a motion to suppress evidence if it is right for any reason. See *Hunt v. State*, 212 Ga. App. 217, 219 (441 SE2d 514) (1994).

2. Having determined in Division 1 that Hall lacks standing to complain of the search of the vehicle, we need not address his assertions that the search conducted at the impound lot exceeded the scope of an inventory search, and that even if probable cause was established by the dogs "alerting" police of the possible presence of drugs in the vehicle, the subsequent search was illegal because the police did not obtain a warrant.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 15, 1996 — 

*Daniel B. Kane, David R. Trainor*, for appellant.
*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Thomas J. Matthews, Assistant District Attorneys*, for appellee.