A97A0993. PATTON v. THE STATE.
(487 SE2d 97)

Judge Harold R. Banke.

Michael Steven Patton was convicted of operating a motor vehicle after being declared an habitual violator and speeding. On appeal he challenges the sufficiency of the evidence.

The charges arose just after a police officer operating a radar device on Interstate 75 detected a 1981 Buick traveling at 91 mph. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the ver-

dict). The officer gave chase, activating his bright headlights, emergency lights, a spotlight and two overhead takedown lights, and followed the car off the interstate. When the car abruptly pulled over at the end of the exit ramp, the officer immediately parked ten to fifteen feet behind it. Patton opened the driver side door, got out, and walked toward the officer. When Patton reached the gap between the two cars, he turned left and started running. The officer followed Patton to a six-foot fence where Patton struggled, trying to free himself from the barbed wire topping the fence. The officer, standing a few feet away, shined his flashlight in Patton's face, observed that Patton had been drinking and warned him to be careful or he would hurt himself. Patton ultimately disentangled himself and ran away. The officer learned Patton's name during the course of his investigation, and Patton was subsequently arrested. *Held*:

We reject Patton's contention that the evidence was insufficient to establish that he was driving the car, an element essential to both crimes charged. The officer testified that he followed the speeding car until it stopped, illuminated its passenger compartment, and watched Patton emerge from the driver's seat. He stated that the people in the car did not move around and it never appeared that anyone else was driving. This evidence was sufficient to allow the jury to find that Patton was the driver, notwithstanding his denial of that fact. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Furthermore, a person's flight after seeing a police officer may be some evidence of guilt. *Weaver v. State*, 208 Ga. App. 105, 107 (430 SE2d 60) (1993).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 16, 1997.

Before Judge Benefield.

*Thomas M. Martin*, for appellant.

*Robert E. Keller, District Attorney, Rita B. Jackson, Assistant District Attorney*, for appellee.