## S97A0796. CORTHRAN v. THE STATE.

(491 SE2d 66)

FLETCHER, Presiding Justice.

We granted Claude Emmet Corthran, Jr.'s application for interlocutory appeal to consider whether the trial court properly denied his motion to suppress his videotaped statement. Because Corthran gave the statement as part of a plea bargain agreement, we hold that the statement is inadmissible and reverse.

A grand jury indicted Corthran for malice murder, felony murder, armed robbery and possession of a firearm during the commission of a felony. During plea negotiations, Corthran agreed to plead guilty to felony murder in exchange for the state dismissing the robbery and firearms charges and recommending a single life sentence. The plea agreement was conditioned on Corthran giving a videotaped statement. After Corthran accepted the deal and gave the videotaped statement, he decided not to plead guilty and requested new counsel. The trial court appointed new counsel, who filed a motion to suppress.

OCGA § 24-3-50 renders a defendant's confession inadmissible if it was induced "by the slightest hope of benefit." In *Joseph Williams v. State*,[1] this Court held that a confession that was made as part of a negotiated plea agreement fell within that definition and could not be used in the defendant's trial after the defendant reneged on the plea agreement. The state relies on *Harold Williams v. State*.[2] In that case, however, the state had not made any promises and had not offered a plea agreement. Rather, the defendant's decision to make a statement was a tactical one. In the present case, the state agreed to a negotiated plea and made Corthran's statement a requirement of the agreement. These facts are indistinguishable from *Joseph Williams* and, therefore, the trial court erred in denying Corthran's motion to suppress.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Johnny R. Moore,* for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.

---

[1] 239 Ga. 327 (1) (236 SE2d 672) (1977).
[2] 250 Ga. 553, 558 (300 SE2d 301) (1983).