## S99A0017. CORTHRAN v. THE STATE.
### (514 SE2d 830)

FLETCHER, Presiding Justice.

Claude Emmett Corthran, Jr., was convicted of felony murder and possession of a firearm in connection with the shooting death of Adekunle Balogun, a taxi driver.[1] In an interlocutory appeal, we held that Corthran's videotaped statement was inadmissible at trial.[2] In this appeal, Corthran contends that the evidence was insufficient, the jury charge was confusing, and a chain of custody was not established for a spent bullet casing. Because there was sufficient evidence and no error, we affirm.

1. The evidence presented at trial shows that Balogun was dispatched to a Kroger store in Gwinnett County at 1:09 a.m. on July 16, 1995. Within minutes, a resident of a nearby apartment complex saw the taxi rolling against parked cars with its lights on and motor running. Balogun was found shot in the head. Two Kroger employees testified that they saw James Cothron and Claude Corthran sitting on a bench outside the store around one that morning; a third employee testified that she saw the two men enter a dark blue taxi.

Accomplice Nicholas Walker testified that he dropped Cothron and Corthran at the Kroger store and drove to a nearby apartment

---

[1] The crimes occurred on July 16, 1995. Corthran was indicted on January 23, 1996. A jury found him guilty on January 29, 1998, and the trial court sentenced him to life imprisonment on the murder count and five years consecutive imprisonment on the firearm possession count. Corthran filed a motion for a new trial on April 10, 1998, which was denied on August 14, 1998. Corthran filed a notice of appeal on September 8, 1998. The case was docketed in this court on September 23, 1998, and submitted for decision without oral arguments on November 16, 1998.

[2] *Corthran v. State*, 268 Ga. 443 (491 SE2d 66) (1997).

complex. Minutes later Corthran came to the car nervous and out of breath and said that the cab driver had been shot. He received part of the twelve dollars taken from the victim and suggested they get rid of the gun. Police found a 25-caliber bullet and Balogun's cell phone in Corthran's suitcase, but no murder weapon. Testifying in his own behalf, Corthran admitted that he gave Cothron a loaded gun, rode with him in Balogun's taxi, and heard a gunshot as he was climbing out of the taxi. He denied taking any money or the telephone. Balogun died from the gunshot wound to his head. A 25-caliber bullet from a semi-automatic pistol was removed from his head, and the spent casing was found on the rear floorboard of the taxi. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Corthran guilty of the crime charged.[3]

2. Contrary to Corthran's contention, the trial court did not give a confusing jury charge or one that improperly shifted the burden of proof.[4]

3. In addition, the trial court did not err in admitting the spent bullet casing. The state established to a reasonable certainty that the spent casing offered into evidence was the same one that the responding police officer observed on the rear floorboard of the taxi.[5] Moreover, since the bullet was recovered from the victim's head and introduced into evidence, the casing was not a critical piece of evidence to the state's case.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Johnny R. Moore,* for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.

---

[3] See *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Roberts v. State,* 257 Ga. 180, 181 (356 SE2d 871) (1987); *Davis v. State,* 255 Ga. 588, 593 (340 SE2d 862) (1986).

[5] See *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578) (1976); see also *Cook v. State,* 255 Ga. 565, 568 (340 SE2d 843) (1986) (finding absence of testimony from one officer who handled the bullet not fatal to chain of custody).

[6] See *Crosby v. State,* 259 Ga. 822, 823 (389 SE2d 207) (1990); *Bailey v. State,* 258 Ga. 779, 780 (374 SE2d 724) (1989).